# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LEXINGTON INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
                Plaintiffs,

v.

VIRGINIA SURETY COMPANY, INC.,
                Defendant.

04 11109 RGS

CIVIL ACTION NO.

RECEIPT # 56206
AMOUNT $ 150.00
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK____
DATE 5/26/04

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Plaintiffs Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and file this Original Complaint against Defendant Virginia Surety Company, Inc. ("Virginia Surety").

## I. INTRODUCTION

1.    Lexington and National Union seek a declaration from the Court as to their rights and responsibilities arising under numerous excess commercial general liability and stand alone excess liability insurance policies issued by Lexington and National Union to the National Coalition of Building Owners and Managers, Inc. and numerous coalition members which are insured under these policies. Specifically, Lexington and National Union seek a declaration that all of their policies are "true excess" policies and, therefore, neither Lexington nor National

Union has any obligation to pay any defense or indemnity costs in connection with any underlying claim, until Virginia Surety's $250,000 indemnity limits of liability are exhausted by payment of a judgment or settlement.

## II. PARTIES

2.  Plaintiff Lexington Insurance Company is a duly organized and existing insurance carrier, organized under the laws of the State of Delaware. Lexington maintains its principal place of business in Boston, Massachusetts.

3.  Plaintiff National Union is a duly organized and existing insurance carrier, organized under the laws of the State of Pennsylvania. National Union maintains its principal place of business in New York, New York. National Union and Lexington are sister companies.

4.  On information and belief, Defendant Virginia Surety is a duly organized and existing insurance carrier, organized under the laws of the State of Illinois. Virginia Surety maintains its principal place of business in Chicago, Illinois. Virginia Surety is authorized to do business in Massachusetts and has done business in Massachusetts throughout the period described in this pleading.

## III. JURISDICTION AND VENUE

5.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332, because no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6.  This court has personal jurisdiction over the Defendant because the Defendant maintains continuous and systematic contacts with the Commonwealth of Massachusetts and

because the Defendant insured risks located in Massachusetts and issued insurance policies to insureds located in Massachusetts.

7. Venue is proper in this District because one of the Defendants resides in this District within the meaning of 28 U.S.C. § 1391(c).

## IV. FACTUAL BACKGROUND

8. Beginning in May 2000, National Union began participating with an insurance broker, National Program Services, Inc. ("NPS"), in providing certain excess general liability insurance policies to various real estate owners and property managers who were members of the National Coalition of Property Owners and Managers/Insurance Purchasing Group Association. **Exhibit A**, incorporated herein, contains a list of these "program polices" issued by National Union to the National Coalition of Building Owners and Managers, Inc. Although the number and locations of covered properties was constantly in a state of flux, the program policies covered numerous properties located in virtually every jurisdiction in the United States.

9. All of the program policies are essentially identical to each other (with the exception of the policy period and the identity of insureds and the covered locations). The program policies were all written over a $250,000 self-insured retention amount with defense costs inside the self-insured retention amounts. The self-insured retention endorsement in each of these policies states:

> It is agreed that: the Company's obligation under the coverages provided by this policy to pay 'ultimate net loss' on behalf of the 'insured,' applies only to the 'ultimate net loss' in excess of the self-insured retention stated below and subject to the limits of liability stated in the policy. The terms of this policy, including those with respect to the Company's rights and duties with respect to defense of suits apply in excess of the application of the self-insured retention amount. . . . The insured shall at all times maintain a company-approved claims handling service with

> respect to the self-insured retention. . . . Self-insured retention $250,000 per occurrence including expenses.

10.  Virginia Surety also participated in the NPS program. The Virginia Surety policies were specifically written to provide primary coverage to Virginia Surety's insureds for the $250,000 self-insured retention amount in the National Union policies. Upon information and belief, Virginia Surety insured most of the same entities that were insured by National Union and used the same policy form for each insured or group of related insured entities.

11.  The Virginia Surety policies provide that defense costs are outside Virginia Surety's limits of liability. Specifically, the Virginia Surety policies provide:

> Attorney's fees incurred by us in the defense of the indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as supplementary payments, notwithstanding the provisions of Paragraph 2B(2) of coverage A-Bodily injury and property damage liability (Sec. 1-Coverages), such payments will not be deemed to be damages for bodily injury and property damage and will not reduce the limits of insurance.

12.  After the National Coalition of Property Owners and Managers program was cancelled by National Union in mid-2002, National Union and Lexington wrote about seventy-seven one year or three-month policies to numerous entities that had been insured under the program. These "post- program policies" were all issued by either Lexington or National Union, with a self insured retention endorsement. Some of these policies were issued by Lexington as stand alone excess policies. **Exhibit B**, incorporated herein, contains a list of the post program policies issued by National Union and Lexington to individual insureds or groups of insureds which had been members of the National Coalition of Property Owners and Managers, Inc.

13.  Upon information and belief, Virginia Surety continued to provide primary coverage to most of National Union and Lexington's insureds for the $250,000 self-insured retention amount in the post program National Union/Lexington policies.

14. Until recently, Virginia Surety has always recognized that its policies provide the primary layer of coverage for this program and that the National Union and Lexington policies provide excess coverage. In correspondence that he sent to Jay Maul of York Claims,[1] dated September 23, 2003 (attached hereto as **Exhibit C**), Patrick Jops, Claims Manager for Virginia Surety, explicitly recognized that the National Union policies are excess over the Virginia Surety policies and that the Virginia Surety policies were specifically designed to apply to the National Union $250,000 self-insured retention amount. Jops asserted in this letter, however, for the first time, that the Virginia Surety policies would be exhausted when defense and indemnity costs combined in any one case reached $250,000; notwithstanding the clear language in the Virginia Surety policies saying that defense costs would be outside of the policy limits.

15. Specifically, in this letter, Mr. Jops acknowledged:

> The NUFIC policy may have required [the insured] . . . to satisfy a self-insured retention ("SIR") limit of Two Hundred Fifty Thousand Dollars ($250,000) including expenses. Accordingly, to the extent that the NUFIC policy requires the SIR limit, the NUFIC policy will be considered excess of the SIR. To the extent that there is no SIR limit, the NUFIC policy is primary and your policy obligations are triggered upon receipt of the notice of this underlying matter. . . . Our policy was issued with a limit of Two Hundred Fifty Thousand Dollars ($250,000) specifically to satisfy the SIR limit required by the NUFIC policy. To the extent that the SIR limit is applicable in this case, we have undertaken the defense of our mutual insured, up to the policy/SIR limit of Two Hundred Fifty Thousand Dollars ($250,000) including expenses. Upon exhausting the SIR limit of Two Hundred Fifty Thousand Dollars ($250,000) including expense and indemnity payments, the NUFIC policy will be triggered and NUFIC will take over the defense of its insured.

16. Mr. Maul responded to Jops' September 23, 2003 correspondence on October 9, 2003 (see **Exhibit D**). Mr Maul explained that he disagreed with Jops' position and said:

---

[1] York Claims is adjusting claims arising involving the policies at issue on behalf of National Union and Lexington; these claims are all being administered by Lexington at its home office in Massachusetts.

> As in the past, your full primary $250,000 indemnity limit should be made available for settlement purposes at the mediation, in an effort to resolve this matter, with no erosion by expenses incurred being applied. Based on our review of the portions of your policies relating to other insureds handled under this program, we interpret the terms and conditions of your policy to state that your $250,000 policy limits are primary, and your policy is responsible for all expenses until a $250,000 indemnity payment is issued when final settlement has been reached.

17. In correspondence dated March 12, 2004 (see **Exhibit E**), R. Connor Heist, coverage counsel for Virginia Surety, asserted that the National Union (and presumably Lexington for those post program policies it issued) and the Virginia Surety policies both provide first-dollar primary coverage and that National Union has an obligation to pay Virginia Surety $35,703,744.73, for defense and indemnity costs paid by Virginia Surety in connection with the National Coalition of Property Owners and Managers program through the end of February 2004, and 80% of all defense and indemnity costs incurred in claims against the mutual insureds of Virginia Surety and National Union (until the Virginia Surety policy is exhausted) from March 2004 onward. Mr. Heist asserted that, pursuant to the other insurance clauses in the respective policies, Virginia Surety and National Union have to share losses on a *pro rata* basis until the applicable Virginia Surety policy is exhausted. Mr. Heist maintained that because the per occurrence limits of liability of the National Union policies are four times (i.e., $1 million) those of the Virginia Surety policies (i.e., $250,000), National Union has to pay 80% of all such defense and indemnity costs and Virginia Surety has to pay just 20%.

18. Virginia Surety's position is contrary to the clear provisions of the National Union and Lexington self-insured retention endorsements, and it is also contrary to the course of dealings between the parties, as Virginia Surety has recognized from the onset of the program that its policies provide the first layer of coverage and that National Union and Lexington are excess over the Virginia Surety policies.

## COUNT ONE

## DECLARATORY JUDGMENT

19. Lexington and National Union repeat and reallege the allegations stated in paragraphs 1-18 of this Complaint as if such allegations were fully set forth in this paragraph.

20. An actual controversy now exists between Lexington/National Union and Virginia Surety as to whether the Lexington/National Union policies are excess of the Virginia Surety policies.

21. Lexington and National Union contend that their policies are true excess policies and therefore neither Lexington nor National Union has any obligation to pay any defense or indemnity costs in connection with any underlying claim, until Virginia Surety's $250,000 indemnity limits of liability are exhausted by the payment of a judgment or settlement. Virginia Surety disputes this contention.

22. Virginia Surety asserts that the National Union/Lexington and Virginia Surety policies all provide first-dollar primary coverage and that National Union/Lexington has an obligation to pay 80% of all defense and indemnity costs incurred in every claim arising under the National Coalition of Property Owners and Managers/Insurance Purchasing Group Association program which involves the mutual insureds of Lexington/National Union and Virginia Surety. Lexington and National Union dispute this contention.

23. Under all applicable laws, the policies of insurance issued by Lexington and National Union are excess over the Virginia Surety policies.

24. Lexington and National Union seek and are entitled to a declaratory judgment resolving the above-described controversy. In particular, Lexington and National Union are entitled to—and hereby pray for—a judgment declaring that, under all applicable laws:

a. the National Union and Lexington policies enumerated in **Exhibits A** and **B** are excess over any and all policies that were issued by Virginia Surety to entities that are insured by Virginia Surety as well as by Lexington and Nation Union, and, therefore, neither Lexington nor National Union has any obligation to pay any defense or indemnity costs in connection with any underlying claim, until Virginia Surety's $250,000 indemnity limits of liability are exhausted by the payment of a judgment or settlement;

b. the National Union and Lexington policies enumerated in **Exhibits A** and **B** do not provide first-dollar primary coverage;

c. the National Union and Lexington policies are not co-primary with the respective Virginia Surety policies; and

d. neither National Union nor Lexington has an obligation to pay 80% of all defense and indemnity costs incurred in every claim arising under the National Coalition of Property Owners and Managers/Insurance Purchasing Group Association program.

### PRAYER

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment against Defendant as follows:

(1) grant the declaration described in paragraph 24, above;

(2) awarding Plaintiffs their reasonable attorneys' fees;

(3) awarding Plaintiffs their costs of suit; and

(4) awarding Plaintiffs such other and further relief to which they may be entitled

**Dated:** May __, 2004

Respectfully submitted,

_/s/ Mark E. Cohen_
Mark E. Cohen        [BBO #089800]
Robert J. Maselek    [BBO #564690]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
(617) 951-2929 Phone
(617) 951-2672 Fax

*Attorneys for Plaintiffs Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

#63313v1<MEBOS> -Virginia Surety FINALDeclaratoy Judgment Complaint

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Lexington Insurance Company vs. Virginia Surety Company, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
         *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Mark E. Cohen    c/o McCormack & Epstein__
ADDRESS __One International Place - 7th Floor - Boston, MA    02110__
TELEPHONE NO. __(617) 951-2929__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LEXINGTON INSURANCE COMPANY
NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA

## DEFENDANTS
VIRGINIA SURETY COMPANY, INC.

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark E. Cohen
McCormack & Epstein
One International Place - 7th Floor
Boston, MA  02110

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 - Diversity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  5.26.04
SIGNATURE OF ATTORNEY OF RECORD  /s/

FOR OFFICE USE ONLY
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____