UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEXINGTON INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiffs,

v.

VIRGINIA SURETY COMPANY, INC.

    Defendant.

CIVIL ACTION NO. 04-11109 RGS

### DEFENDANT'S MOTION TO STRIKE EXHIBIT E
### AND PARAGRAPH 17 OF PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Virginia Surety Company, Inc. ("Virginia Surety") moves pursuant to Fed. R. Civ. P. 12(f) to strike Exhibit E and Paragraph 17 of Plaintiffs' Original Complaint (the Complaint"). These items should be stricken because they consist of confidential settlement communications that are inadmissible under Fed. R. Evid. 408, are potentially unfairly prejudicial, and are not necessary to the pleading of plaintiffs' claims.

**Argument**

In an apparent attempt to circumvent the rule that prohibits a party from offering as evidence any compromise or offer to compromise, Plaintiffs attached a clearly marked confidential and privileged settlement communication as an exhibit to its Complaint. The exhibit and any references to it should be stricken from the Complaint as immaterial, unnecessary and inadmissible.

Exhibit E to the Complaint is a letter (the "Heist Letter"), dated March 1, 2004, sent from R. Connor Heist, counsel for Virginia Surety, to Jay Maul, of York Claims service. The Heist

Letter is a formal settlement demand which calculates a sum certain that Virginia Surety would accept in satisfaction of National Union Fire Insurance Company of Pittsburg, PA's ("NUFIC") obligation under certain insurance policies. NUFIC's obligation under those policies is the very subject of Plaintiffs' Complaint. Paragraph 17 of the Complaint refers to the Heist Letter, the specific sum calculated in the settlement demand, and identifies several statements made in the letter.

Fed. R. Evid. 408 makes inadmissible to show liability "[e]vidence of . . . accepting, or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount." *See generally McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247-248 (1st Cir.1985). *See also Derderian v. Polaroid Corporation*, 121 F.R.D. 9, 11 (D.Mass.1988) (noting that Rule 408 applies to statements made during compromise negotiations as well as the offer or completed compromise itself). Fed. R. Civ. P 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have found that settlement discussions are inadmissible to show liability under Fed. R. Evid. 408, and accordingly should be stricken from a complaint as immaterial and potentially prejudicial. *Kelly v. L.L. Cool J.*, 145 F.R.D.32, 39-40 (S.D.N.Y. *1992), aff'd,* 23 F.3d 398 (2d Cir.), *cert. denied,* 513 U.S. 950, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994) *(citing Foster v. WNYC-TV,* 1989 WL 146277, 6 (S.D.N.Y.1989)). *See also Austin v. Cornell University*, 891 F. Supp. 740, 750-751 (N.D.N.Y. 1995) (granting motion to strike paragraph of complaint which alluded to settlement negotiations and fell with Rule 408); *Northwestern Mut. Life Ins. Co. v. Wender*, 940 F. Supp. 62, 67 (S.D.N.Y. 1996) (striking paragraph of answer as improper for stating facts regarding settlement negotiations between the parties); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 36

(N.D. Ill. 1980) (striking allegations contained in paragraph of complaint which referred to a settlement agreement).

The inclusion in the Complaint of Paragraph 17 and Exhibit E are unnecessary under notice pleading standards. Plaintiffs need only have alleged that there is an existing dispute between the parties with respect to their respective obligations under the issued policies.

WHEREFORE, Virginia Surety respectfully requests that the Court allow this Motion and Strike Exhibit E and Paragraph 17 of Plaintiffs' Original Complaint.

> Respectfully submitted,
>
> VIRGINIA SURETY COMPANY, INC.
>
> By Its Attorneys,
>
> *[signature]*
> Joseph G. Blute (BBO# 047300)
> John M. Stephan (BBO# 649509)
> Nicholas C. Cramb (BBO# 654368)
> MINTZ LEVIN COHN FERRIS
>  GLOVSKY & POPEO, P.C.
> One Financial Center
> Boston, MA 02111
> (617) 542-6000
> (617) 542-2241 (fax)

Dated: July 28, 2004

3

## CERTIFICATE OF SERVICE

I hereby certify that this 28th day of July 2004, the foregoing **Defendant's Motion to Strike Paragraph 17 and Exhibit E of Plaintiffs' Original Complaint** was served upon counsel for the Plaintiffs by mailing a copy thereof, first class, postage prepaid, to:

Mark E. Cohen, Esq.
McCormack & Epstein
One International Place – 7th Floor
Boston, MA 02110

/s/ John M. Stephan

LIT 1471179v2

4