IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEXINGTON INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
                           Plaintiffs,

v.

VIRGINIA SURETY COMPANY, INC.,
                           Defendant.

CIVIL ACTION NO. 04-11109 RGS

## PLAINTIFFS' ANSWER TO COUNTERCLAIM

COME NOW the Plaintiffs, Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and file this Original Answer to Defendant's, Virginia Surety Company, Inc.'s ("Virginia Surety"), Counterclaim as follows:

1.    The Plaintiffs admit only that beginning in May 2000, National Union began participating with an insurance broker, National Program Services, Inc. ("NPS"), in providing certain excess general liability insurance policies to various real estate owners and property managers who were members of the National Coalition of Property Owners and Managers/Insurance Purchasing Group Association. The plaintiffs deny the remaining allegations in paragraph 1 and demand strict proof thereof.

2.    The Plaintiffs admit only that: (a) **Exhibit A** to the Plaintiffs' Complaint, incorporated herein, contains a list of the "program polices" issued by National Union to the National Coalition of Building Owners and Managers, Inc.; (b) although the number and locations of covered properties was constantly in a state of flux, the program policies covered numerous properties located in virtually every jurisdiction in the United States; and (c) **Exhibit B** to the Plaintiffs' Complaint, incorporated herein, contains a list of the post program policies issued by National Union and Lexington to individual insureds or groups of insureds after the National Coalition of Property Owners and Managers program was cancelled by National Union in mid-2002.  These policies were issued by either Lexington or National Union, subject to a self-insured retention.  Some of these policies were issued by Lexington as stand alone excess policies.  The plaintiffs deny the remaining allegations in paragraph 2 and demand strict proof thereof.

3.    The Plaintiffs deny the allegations in paragraph 3 and demand strict proof thereof.

4.    The Plaintiffs deny the allegations in paragraph 4 and demand strict proof thereof. By way of further answer, the Plaintiffs state that these policies are true excess policies and, therefore, they are excess over all primary coverage, including the Virginia Surety policies.

5.    The Plaintiffs are unable to respond to the allegations of paragraph 5 because the scope of the term "Plaintiffs' Policies" is unclear.  To the extent that a response is required, the plaintiffs admit only that the program policies enumerated in **Exhibit A** each had a $1,000,000 per occurrence limit and a $2,000,000 general aggregate limit.  Some of the "Post Program" policies issued by Plaintiffs had different limits of liability.  The Plaintiffs deny the remaining allegations in paragraph 5 and demand strict proof thereof.

- 2 -

6.     The Plaintiffs state that their policies are true excess policies, not primary policies. The Plaintiffs otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and thus deny said allegations and demand strict proof thereof.

7.     The Plaintiffs are unable to respond to the allegations of paragraph 7 because the scope of the term "Plaintiffs' Policies" is unclear. To the extent that a response is required, the plaintiffs admit only that the policies enumerated in **Exhibits A** and **B** do not specifically refer to the Virginia Surety policies referred to in the Counterclaim. By way of further answer, Plaintiffs state that they were aware of Virginia Surety's policies when Plaintiffs issued their policies and the Virginia Surety policies were taken into consideration when Plaintiffs determined the amount of the premiums that should be charged.

8.     The Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and thus deny said allegations and demand strict proof thereof.

9.     The Plaintiffs deny the allegations in paragraph 9 and demand strict proof thereof.

10.     The Plaintiffs admit the allegations in paragraph 10.

11.     The Plaintiffs admit the allegations in paragraph 11.

12.     The Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and thus deny said allegations and demand strict proof thereof.

13.     The Plaintiffs deny the allegations in paragraph 13 and demand strict proof thereof.

14.    The Plaintiffs admit only that the Plaintiffs have refused to contribute to any defense or indemnity costs incurred by the mutual insureds of Virginia Surety and Plaintiffs until the Virginia Surety policies are exhausted. The Plaintiffs assert that their policies are true excess policies that are not triggered until the underlying Virginia Surety policy is exhausted. The Plaintiffs deny the remaining allegations in paragraph 14 and demand strict proof thereof.

## COUNT I - DECLARATORY JUDGMENT

15.    The Plaintiffs repeat and re-aver their responses to paragraphs 1 through 14 of their Answer to Counterclaim, as if fully set forth herein.

16.    The Plaintiffs admit the allegations in paragraph 16.

17.    The Plaintiffs admit the allegations in paragraph 17.

18.    The Plaintiffs admit the allegations in paragraph 18.   By way of further answer, Plaintiffs state that contrary to its apparent current position, Virginia Surety formerly took the position that Plaintiffs' policies were co-primary from dollar one.

19.    The Plaintiffs deny the allegations in paragraph 19 and demand strict proof thereof.

20.    The Plaintiffs deny the allegations in paragraph 20 and demand strict proof thereof.

21.    The Plaintiffs deny the allegations in paragraph 21 and demand strict proof thereof.

## COUNT II - CONTRIBUTION

25.    The Plaintiffs repeat and re-aver their responses to paragraphs 1 through 24 of their Answer to Counterclaim, as if fully set forth herein.

- 4 -

26.   The Plaintiffs deny the allegations in paragraph 26 and demand strict proof thereof.

27.   The Plaintiffs deny the allegations in paragraph 27 and demand strict proof thereof.

28.   The Plaintiffs deny the allegations in paragraph 28 and demand strict proof thereof.

29.   The Plaintiffs admit only that the Plaintiffs have refused to contribute to any defense and indemnity costs incurred by the mutual insureds of Virginia Surety and the Plaintiffs until the Virginia Surety policies are exhausted.  The Plaintiffs deny the remaining allegations in paragraph 29 and demand strict proof thereof.

### COUNT III - SUBROGATION

30.   The Plaintiffs repeat and re-aver their responses to paragraphs 1through 29 of their Answer to Counterclaim, as if fully set forth herein.

31.   The Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and thus deny said allegations and demand strict proof thereof.

32.   The Plaintiffs deny the allegations in paragraph 32 and demand strict proof thereof.

33.   The Plaintiffs deny the allegations in paragraph 33 and demand strict proof thereof.

34.   The Plaintiffs deny the allegations in paragraph 34 and demand strict proof thercof.

## COUNT IV - INDEMNIFICATION

35.    The Plaintiffs repeat and re-aver their responses to paragraphs 1 through 34 of their Answer to Counterclaim, as if fully set forth herein.

36.    The Plaintiffs deny the allegations in paragraph 36 and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

1.    Virginia Surety's claim against Lexington is barred in whole or in part by the terms and conditions contained in the policies at issue herein.

2.    Some or all of Virginia Surety's claim against Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

3.    Virginia Surety has waived its right to dispute Plaintiffs' position that Plaintiffs' policies are not triggered until the applicable underlying Virginia Surety policy is exhausted by the payment of $250,000 in indemnity costs.

4.    Virginia Surety is estopped from disputing Plaintiffs' position that Plaintiffs' policies are not triggered until the applicable underlying Virginia Surety policy is exhausted by the payment of $250,000 in indemnity costs.

5.    Plaintiffs reserve the right to offer additional defenses which cannot now be articulated due to Virginia Surety's failure to particularize its claims. Virginia Surety's Counterclaim does not describe the allegations made against Plaintiffs with sufficient particularity to enable Plaintiffs to determine what additional defenses, including defenses based upon the terms, conditions or exclusions of the policies allegedly issued by Virginia Surety, they may have in response to Virginia Surety's claims. Upon further particularization of the claims by Virginia

- 6 -

Surety; or upon further discovery concerning the provisions, terms, conditions and exclusions of the Plaintiffs' policies at issue herein; or upon discovery of further information concerning the underlying claims, Plaintiffs reserve the right to assert additional defenses.

**WHEREFORE,** the Plaintiffs pray that judgment be entered in this action:

A.  dismissing Virginia Surety's Counterclaim against Lexington and National Union in its entirety;

B.  granting the declaration described in paragraph 24 of the Plaintiffs' Complaint;

C.  awarding Plaintiffs their reasonable attorneys' fees;

D.  awarding Plaintiffs their costs of suit; and

E.  awarding Plaintiffs such other and further relief to which they may be entitled.

**Dated:**    August _16_, 2004          Respectfully submitted,

Mark E. Cohen          [BBO #089800]
Robert J. Maselek      [BBO #564690]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
(617) 951-2929 Phone
(617) 951-2672 Fax

*Attorneys for Plaintiffs Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

3058829v1 - MEBOS - Virginia Surety - Answer to Counterclaim

I HEREBY CERTIFY THAT A TRUE COPY OF THIS DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL ON___8/16/04___