UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**<br><br>Plaintiffs<br><br>v.<br><br>**VIRGINIA SURETY COMPANY, INC.,**<br><br>Defendant. | **Civil Action No. 04-11109 RGS** |

**JOINT STATEMENT AND PROPOSED PRE-TRIAL SCHEDULE**

Pursuant to Local Rule 16.1(D), the parties to the above-captioned matter have conferred and submit the following joint statement and proposed pretrial schedule, in anticipation of the Scheduling Conference scheduled for September 1, 2004.

**I.     INTRODUCTION**

This is an insurance coverage case. Lexington, National Union, and Virginia Surety seek a declaration from the Court as to their rights and responsibilities arising under numerous commercial general liability policies issued by the parties to the same insureds. Although the number and locations of covered properties was constantly in a state of flux, these policies covered numerous properties located in virtually every jurisdiction in the United States. The National Union and Lexington policies had a $250,000 self insured retention amount and the Virginia Surety policies provided first dollar coverage and had limits of liability of $250,000.

Specifically, Lexington and National Union seek a declaration that all of their policies are "true excess" policies and, therefore, neither Lexington nor National Union has any obligation to pay

any defense or indemnity costs in connection with any underlying occurrence, until Virginia Surety's $250,000 indemnity limits of liability are exhausted by payment of a judgment or settlement. Virginia Surety disputes this contention and seeks a declaration that the Lexington and National Union policies are primary policies, and that once Virginia Surety has paid $250,000 in defense and indemnity costs combined in any one claim, Virginia Surety and National Union/Lexington have to share the loss.

## II.  PROPOSED AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

Pursuant to Local Rule 16(B)(1), the Parties hereby propose the following agenda of matters to be discussed at the Scheduling Conference:

1. The nature of the legal and factual issues involved in this case, and the parameters of anticipated discovery;

2. The Parties' proposed pre-trial schedule;

3. Any pending motions; and

4. Whether the Parties will consent to a trial by magistrate judge.

## III.  PROPOSED PRETRIAL SCHEDULE

Pursuant to Local Rule 16.1(D)(1) and (2), the Parties hereby propose the following pre-trial schedule:

1. Due to the nature of the case, and the volume of documents that must be reviewed and analyzed by both parties, the parties do not believe that automatic disclosures will be helpful or efficient at this stage of the proceedings. The parties request the Court to waive the automatic disclose requirements of Federal Rule of Civil

Procedure 26(a)(1) and permit the parties to exchange documents and information in the course of written discovery;

2. Except for Requests for Admissions, all non-expert discovery, including depositions, shall be completed by June 1, 2005;

3. All Requests for Admissions shall be served on or before July 1, 2005, or 90 days prior to the deadline for filing motions pursuant to Federal Rule of Civil Procedure 56.

4. Each party shall disclose and provide any required reports as to any anticipated expert testimony on an issue as to which that party has the burden of proof at trial by July 1, 2005;

5. Any rebuttal experts, and their accompanying reports, are to be disclosed on or before August 1, 2005;

6. All expert discovery, including depositions of experts, shall be completed by September 1, 2005.

## IV. PROPOSED MOTION SCHEDULE

All Motions pursuant to Federal Rule of Civil Procedure 56 shall be filed and served by October 3, 2005, with oppositions due on or before November 3, 2005.

## V. CERTIFICATIONS

Pursuant to Local Rule 16.1(3), all parties have conferred with their clients and discussed: (1) the costs of conducting the full course - and various alternative courses - of the litigation; and (2) to the possible resolution of the litigation through the use of alternative dispute resolution programs.

Certifications are attached hereto or shall be provided under separate cover prior to the Scheduling Conference.

Dated: August **27**, 2004

Respectfully submitted,

| | |
|---|---|
| _____ | _____ |
| Mark E. Cohen              [BBO #089800] | Joseph G. Blute            [BBO #047300] |
| Robert J. Maselek         [BBO #564690] | John M. Stephan         [BBO #649509] |
| McCormack & Epstein | Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. |
| One International Place - 7th Floor | One Financial Center |
| Boston, MA    02110 | Boston, MA    02111 |
| (617) 951-2929 Phone | (617) 542-6000 Phone |
| (617) 951-2672 Fax | (617) 542-2241 Fax |
| | |
| *Attorneys for Plaintiffs Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA* | *Attorneys for Defendant Virginia Surety Company, Inc.* |

#56402v1<MBBOB>-Virginia Surety - Joint Statement Ver 3.0

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEXINGTON INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
                Plaintiffs,

v.

VIRGINIA SURETY COMPANY, INC.,
                Defendant.

CIVIL ACTION NO. 04-11109 RGS

## PLAINTIFFS' LOCAL RULE 16.1 (D)(4) CERTIFICATION

We hereby certify that Plaintiffs' counsel and an authorized representative of the plaintiffs have conferred with a view towards establishing a budget for this litigation and concerning the use of alternative dispute resolution proceedings in this matter.

Dated: August 27, 2004

Respectfully submitted,

_____
Mark E. Cohen      [BBO #089800]
Robert J. Maselek    [BBO #564690]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA   02110
(617) 951-2929 Phone
(617) 951-2672 Fax

Authorized Representative of Plaintiffs
**Lexington Insurance Company**
**National Union Fire Insurance Company of Pittsburgh, PA**

_____
Brent Poetschke

Virginia Surety Rule 16 Cert.wpd