UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEXINGTON INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

      Plaintiffs,

v.

VIRGINIA SURETY COMPANY, INC.

      Defendant.

CIVIL ACTION NO. 04-11109 RGS

## DEFENDANT VIRGINIA SURETY COMPANY'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Virginia Surety Company, Inc. ("Virginia Surety") hereby answers the corresponding numbered paragraphs of the Original Complaint (the "Complaint") of Plaintiffs Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") as follows:

### I. INTRODUCTION

1.     Paragraph 1 contains introductory statements and conclusions of law, as to which no response is required. To the extent that any response is required, Virginia Surety denies the allegations set forth in Paragraph 1.

### II. PARTIES

2.     Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

3.     Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4.      Virginia Surety admits the allegations contained in Paragraph 4.

## III.  JURISDICTION AND VENUE

5.      Paragraph 5 states conclusions of law, as to which no response is required. However, to the extent that Paragraph 5 contains factual allegations, Virginia Surety is without knowledge or information sufficient to form a belief regarding the truth or falsity of those allegations.

6.      Virginia Surety neither admits nor denies Paragraph 6, which contains conclusions of law, as to which no response is required.

7.      Virginia Surety neither admits nor denies Paragraph 7, which contains conclusions of law, as to which no response is required.

## IV.  FACTUAL BACKGROUND

8.      Virginia Surety denies the allegations contained in the first sentence of Paragraph 8. Virginia Surety admits the allegations contained in the second sentence of Paragraph 8 only to the extent that Exhibit A to the Complaint contains a list entitled "National Coalition of Property Owners & Managers, Inc. Program Policies." To the extent that the second sentence of Paragraph 8 makes factual allegations about the list, those allegations are denied. Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 8.

9.      Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9.

10.     Virginia Surety admits the allegations contained in the first sentence of Paragraph 10. Virginia Surety denies the allegations contained in the second sentence of Paragraph 10.

Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 10.

11.    The allegations contained in Paragraph 11 include language from specific insurance policies.  Such documents speak for themselves.  To the extent that any other response is required, Virginia Surety denies the allegations contained in Paragraph 11.

12.    Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentence of Paragraph 12.  Virginia Surety denies the allegations contained in the third sentence of Paragraph 12. Virginia Surety admits the allegations contained in the fourth sentence of Paragraph 12 only to the extent that Exhibit B to the Complaint contains a list entitled "National Coalition of Property Owners & Managers, Inc. Post-Program Individual Policies."  To the extent that the fourth sentence makes factual allegations about the list or what it represents, those allegations are denied.

13.    Virginia Surety is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.

14.    Virginia Surety denies the allegations contained in Paragraph 14.  The letter from Patrick Jops, which was attached to the Complaint as Exhibit C, is a document that speaks for itself.

15.    The letter from Patrick Jops, which was attached to the Complaint as Exhibit C, is a document that speaks for itself.  To the extent that any response other is required, Virginia Surety denies the allegations contained in Paragraph 15.

3

16.    The letter from Jay Maul, which was attached to the Complaint as Exhibit D, is a document that speaks for itself. To the extent that any other response is required, Virginia Surety denies the allegations contained in Paragraph 15.

17.    Denied.

## Count One

## DECLARATORY JUDGMENT

18.    Virginia Surety restates and re-alleges its responses set forth in Paragraphs 1-17 as if specifically set forth herein.

19.    Admitted.

20.    Virginia Surety denies the allegations contained within the first sentence of Paragraph 21. Virginia Surety admits the allegations contained within the second sentence of paragraph 21.

21.    Denied. Paragraph 21 purports to state Virginia Surety's position in this litigation. However, Virginia Surety's Counterclaim speaks for itself.

22.    Denied.

23.    Denied.

## VIRGINIA SURETY'S COUNTERCLAIM

For its counterclaim against NUFIC and Lexington, Virginia Surety states and alleges as follows:

1.    On information and belief, beginning in approximately December 2000, Plaintiffs participated with National Program Services, Inc. ("NPS") in a program designed to provide insurance coverage to various real estate properties including habitational properties, shopping centers and office buildings (the "NPS Program") throughout the United States.

4

2.      On information and belief, Plaintiffs issued, in connection with the NPS Program, standard form, "occurrence"-based Commercial General Liability Policies to thousands of insureds in various jurisdictions throughout the United States ("Plaintiffs' Policies"). Attached as Exhibit 1 to this Answer and Counterclaim is a NUFIC policy, (the "NUFIC Policy"), which, upon information and belief, exemplifies the policies issued by Plaintiffs in the NPS Program.

3.      Upon information and belief, all of Plaintiffs' Policies, by their express terms, are primary insurance policies that impose upon Plaintiffs the duties of a primary insurance carrier, including the duty to defend claims, upon satisfaction of Self Insured Retentions ("SIRs") or deductibles.

4.      Upon information and belief, all of Plaintiffs' Policies are triggered immediately upon the exhaustion of an SIR in the amount of $250,000, including defense expenses. There is no requirement in Plaintiffs' Policies that any other insurance policy be exhausted before the Plaintiffs' Policies apply and provide coverage for covered claims.

5.      Upon information and belief, all of Plaintiffs' Policies were written with a $1,000,000 per occurrence limit and a $2,000,000 general aggregate limit.

6.      At approximately the same time that Plaintiffs issued their primary insurance policies in the NPS Program, Virginia Surety also participated in the NPS Program, issuing primary insurance policies to many of the same policyholders, who thereby sought to insure amounts within the risk retention imposed by the SIRs in Plaintiffs' Policies. Attached to this Answer and Counterclaims as Exhibit 2, is a Virginia Surety policy, which is an exemplar of the Virginia Surety policies issued in the NPS Program (the "Virginia Surety Policies").

7.      Upon information and belief, Plaintiffs' Policies do not refer to the Virginia Surety Policies.

5

8.     The Virginia Surety Policies do not refer to Plaintiffs' Policies.

9.     Plaintiffs' Policies and the Virginia Surety Policies are both primary insurance policies, which insure many of the same risks but with different limits, SIRs, and deductibles.

10.     The limits of the Virginia Surety Policies are $250,000 per occurrence. Litigation and defense costs do not reduce the limits of insurance available to Virginia Surety's insured. However, Virginia Surety's duty to defend is terminated under its policies if the applicable limits of insurance have been used in the payment of judgments or settlements.

11.     There have been numerous claims filed by policyholders of Plaintiffs and Virginia Surety in connection with the NPS Program.

12.     As of February 2004, Virginia Surety paid approximately $44,629,680.91 in indemnity and expense payments for claims submitted in the NPS Program.

13.     Plaintiffs are obligated to share in those payments, in an amount to be determined at trial, in all cases where defense and/or indemnity expenses exceed the $250,000 SIR in Plaintiffs' Policies.

14.     Despite repeated demands, Plaintiffs have failed or refused to share in those payments.

## Count I – DECLARATORY JUDGMENT

15.     Virginia Surety repeats and re-alleges the allegations stated in paragraphs 1-14 of its Counterclaim as if such allegations were fully set forth in this paragraph.

16.     An actual controversy exists between Virginia Surety and Plaintiffs as to their respective rights and obligations under the policies issued in the NPS Program.

17.     Plaintiffs assert that their policies are so-called "true excess" policies, and are not triggered until the limits of the Virginia Surety Policies are exhausted by payment of settlement or judgment.

18.     Virginia Surety contends that Plaintiffs' Policies are primary insurance policies that by their terms apply immediately upon satisfaction of the $250,000 SIR.

19.     Upon payment of $250,000 on any claim, including defense expenditures, the SIR provisions of Plaintiffs' Policies are satisfied and Plaintiffs' Policies then apply with the Virginia Surety Policies as "co-primary" policies, with the parties' respective insurance coverage obligations determined by reference to "Other Insurance" clauses in the policies, as those provision have been interpreted and applied under governing law.

20.     Under all applicable laws, the policies of insurance issued by Plaintiffs are primary insurance policies.

21.     Virginia Surety seeks and is entitled to a declaratory judgment resolving the above-described controversy. In particular, Virginia Surety is entitled to and hereby prays for a judgment declaring, under all applicable laws:

(a)   That Plaintiffs' Policies, enumerated in Exhibit A and B of their Original Complaint, are primary insurance policies and impose on Plaintiffs the coverage obligations of a primary insurer, including the duty to defend, upon satisfaction of a $250,000 Self Insured Retention;

(b)   That Plaintiffs' Policies are not "true excess" policies, and that the terms of Plaintiffs' Policies do not require exhaustion of the limits of any other insurance policy, including policies issued by Virginia Surety, before Plaintiffs' insurance coverage obligations are triggered;

(c)   That Plaintiffs may not rely on language in the Virginia Surety Policies, to which Plaintiffs are not parties, to limit their obligations under the primary insurance policies that Plaintiffs issued to the same policyholders.

(d)   That upon payment of $250,000 in defense or indemnity expenses by or on behalf a policyholder, and thus the satisfaction of the Self Insured Retention

7

requirement, Plaintiffs' policy obligations are triggered and are "co-primary" with any other primary insurance available to the policyholder, including any unimpaired primary insurance policies issued by Virginia Surety;

(e) That as co-primary insurers the respective obligations of Virginia Surety and Plaintiffs under the policies are governed by "Other Insurance" clauses in their respective policies, as interpreted and applied under the applicable law, and that plaintiffs must contribute to defense and indemnity payments, in accordance with those provisions, as interpreted and applied by this Court.

## Count II – CONTRIBUTION

22.     Virginia Surety repeats and re-alleges the allegations stated in paragraphs 1-21 of its Counterclaim as if such allegations were fully set forth in this paragraph.

23.     Virginia Surety and Plaintiffs both wrote primary insurance policies in the NPS Program, subject to different limits, SIRs, and deductibles.

24.     Plaintiffs are obligated to participate, as primary insurers, in the defense and indemnification of all claims asserted against NPS Program policyholders where indemnity or defense expenditures exceed the SIR in their policies.

25.     Virginia Surety has incurred expenses to which Plaintiffs are obligated to contribute under the express terms of the policies and as a matter of law.

26.     Despite repeated demands, Plaintiffs have failed and refused to pay their share of defense and indemnity expenses incurred by Virginia Surety on behalf of policyholders insured by both Plaintiffs and Virginia Surety.

WHEREFORE, Virginia Surety seeks contribution from Plaintiffs in an amount to be determined at trial.

## Count III – SUBROGATION

27.     Virginia Surety repeats and re-alleges the allegations stated in paragraphs 1-26 of its Counterclaim as if such allegations were fully set forth in this paragraph.

28.     Virginia Surety has defended and indemnified its insureds under the Policies that it issued in the NPS Program.

29.     In accordance with "Other Insurance" clauses in the parties' policies, Plaintiffs are also obligated to defend and indemnify insureds in the NPS Program once the SIR provisions of Plaintiffs' Policies are satisfied.

30.     Plaintiffs have failed and refused to comply with their coverage obligations under the NPS Program in cases where the SIR provisions of Plaintiffs' Policies were satisfied but where Virginia Surety's policy limits were not exhausted.  In all such cases, Plaintiffs have breached their coverage obligations to policyholders in the NPS Program.

31.     Having made defense and indemnity payments that properly were the obligation of Plaintiffs under policies that Plaintiffs issued to the NPS Program insureds, Virginia Surety, both under the terms of its policies and as a matter of equity, is subrogated to its insured's rights of recovery from Plaintiffs under Plaintiffs' Policies.

WHEREFORE, Virginia Surety seeks recovery from Plaintiffs under the doctrine of subrogation in an amount to be determined at trial.

## Count IV – INDEMNIFICATION

32.     Virginia Surety repeats and re-alleges the allegations stated in paragraphs 1-31 of its Counterclaim as if such allegations were fully set forth in this paragraph.

33.     As described in more detail above, as a result of Plaintiffs' failure and refusal to comply with their policy obligations, Virginia Surety has had to bear the burden of satisfying Plaintiffs' contractual and legal responsibilities and has spent substantial sums in the defense and indemnification of NPS Program policyholders that should have been borne by Plaintiffs.

WHEREFORE, Virginia Surety seeks indemnification from Plaintiffs in an amount to be determined at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**Virginia Surety respectfully requests that the Court enter judgment against Plaintiffs as follows:**

(1) Dismissing Plaintiffs' Complaint in its entirety;

(2) Granting Virginia Surety declaratory judgment relief under Count I of its Counterclaim;

(3) Awarding Virginia Surety Contribution in an amount to be determined at trial;

(4) Awarding Virginia Surety Subrogation damages in an amount to be determined at trial;

(5) Awarding Virginia Surety Indemnification in an amount to be determined at trial;

(6) Awarding Virginia Surety its reasonable costs and attorney's fees in this action; and

(6) Awarding Virginia Surety such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

**VIRGINIA SURETY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

VIRGINIA SURETY COMPANY, INC.

By Its Attorneys,

Joseph G. Blute (BBO# 047300)
John M. Stephan (BBO# 649509)
Nicholas C. Cramb (BBO# 654368)
MINTZ LEVIN COHN FERRIS
  GLOVSKY & POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

Dated: December 1, 2004

## CERTIFICATE OF SERVICE

I hereby certify that this 1st day of December 2004, the foregoing **Answer and Counterclaims to Plaintiffs' Amended Complaint** was served upon counsel for the Plaintiffs by mailing a copy thereof, first class, postage prepaid, to:

Mark E. Cohen
McCormack & Epstein
One International Place – 7th Floor
Boston, MA 02110

John M. Stephan

LIT 1487105v1

11