UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br>Plaintiffs<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.,<br>Defendant. | CIVIL ACTION No. 04-11109 RGS |

PLAINTIFFS' MOTION
FOR MODIFICATION OF THE SCHEDULING ORDER
AND AN ORDER LIMITING DISCOVERY

Plaintiffs, Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), move, pursuant to Fed. R. Civ. P. 42(b) and Local Rules 16.1(g), 16.3(a)(5) and 26.3, for an order modifying the Scheduling Order entered by the court on September 16, 2004, as follows:

(1) limiting the initial phase of discovery to production and authentication of the relevant insurance policies;

(2) after the initial phase of discovery, staying discovery, to allow the parties to bring, and the Court to decide, motions to summarily adjudicate the following issues:

(i) The scope of Virginia Surety's defense and indemnity obligations to its policyholders;

    (ii)    The scope of the defense and indemnity obligations of National Union and Lexington to their policyholders;

    (iii)    Whether National Union and Lexington have any obligation to pay any defense or indemnification costs, in connection with any of the underlying claims, until Virginia Surety has exhausted its policy limits by paying $250,000 in indemnification costs for any one occurrence.

(3) if the foregoing issues cannot be resolved by the above-described motions, allowing a second phase of discovery for 180 days regarding the parties' underwriting intent in issuing their respective insurance policies and the basis for the affirmative defenses of National Union and Lexington to Virginia Surety's counterclaim.

(4) after completion of the second phase of discovery, providing a period of 90 days within which the parties may file additional dispositive motions;

(5) after a determination on the Phase II dispositive motions, and only if the Court finds against National Union and Lexington on both Phase I and Phase II, allowing a third phase of discovery for 120 days regarding the amount that Virginia Surety is entitled to recover from National Union and Lexington;

(6) thereafter, the court's Scheduling Order shall remain as previously ordered, with modification of dates to accommodate the above changes.

Such a phased approach to this litigation will preclude voluminous, expensive, and unnecessary discovery as to the issue of the parties' subjective underwriting intent. Because the policies are unambiguous, the Virginia Surety policy language must be enforced.

In support of this motion, the Plaintiffs state that this is an insurance coverage case. Virginia Surety issued numerous commercial general liability policies to various insureds. Lexington and National Union also issued excess general liability policies to many of these same insureds. The National Union and Lexington policies were all written over a $250,000 self-insured retention amount. The Virginia Surety policies provided first dollar coverage and had $250,000 limits of liability. Defense costs were outside the limits of liability of the Virginia Surety policies. Lexington and National Union seek a declaration from the Court as to, inter alia, Virginia Surety's defense and indemnity responsibilities arising under its policies. Lexington and National Union also seek a declaration from the Court that they have no duty to defend or indemnify any of their insureds under the subject policies in connection with any particular occurrence until Virginia Surety has expended $250,000 in indemnity costs in connection with said occurrence.

Lexington and National Union do not allege that the Virginia Surety policies are ambiguous. Similarly, Virginia Surety has not alleged that the Lexington policies are ambiguous. Thus, evidence extrinsic to the terms of the relevant policies is inadmissable and non-discoverable.

Lexington and National Union are entitled to obtain a declaration as to the rights and obligations of Virginia Surety to its policyholders based on the unambiguous terms of the policies.

In support of this Motion, Lexington and National Union refer to and incorporate the Affidavits of Brent Poetschke and Brenda Bouyer-Windley and the Memorandum of Law submitted herewith.

Counsel for the Plaintiffs certifies that he has discussed this matter with counsel for the Defendant and that the parties have has been unable to resolve or narrow the issues.

WHEREFORE, Plaintiffs, Lexington and National Union, move for an order modifying the Court's Scheduling Order of September 16, 2004, as set forth above, thereby precluding voluminous, expensive, and potentially unnecessary discovery as to the issue of the parties' underwriting intent.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs, Lexington and National Union, hereby request a hearing to present oral argument to the Court regarding the above Motion.

**Dated:** April 12, 2005

Respectfully submitted,

_____
Mark E. Cohen           [BBO #089800]
Robert J. Maselek       [BBO #564690]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
(617) 951-2929 Phone
(617) 951-2672 Fax

*Attorneys for Plaintiffs Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

#69372v1<MEBOS> -lexington v Virginia Surety - Motion to Limit Disc

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the of foregoing Motion for Modification fo the Scheduling Order and an Order for Limiting Discovery has been served upon all counsel of record by mailing a copy hereof, postage prepaid, addressed to:

> Joseph Blute, Esq.
> **Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.**
> One Financial Center
> Boston, MA    02111

DATED this 12th day of April, 2005.

_____
Mark E. Cohen