UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br>Plaintiffs<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.,<br>Defendant. | CIVIL ACTION NO. 04-11109 RGS |

### AFFIDAVIT OF JOHN B. GOULD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF PLAINTIFFS, LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

I, John B. Gould, upon oath depose and state as follows:

1. I am employed as a Vice President and Underwriting Officer at Lexington Insurance Company. As part of my job responsibilities, I have become familiar with various materials from underwriting files relating to various policies issued by Lexington and by National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") to the National Coalition of Property Owners and Managers/Insurance Purchasing Group Association ("NCPO") and various of its members and former members. These files were maintained in the ordinary course of business by Lexington and by Risk Specialists Company of New York ("Risk Specialists"), which acted as a surplus and excess lines wholesale broker with regard to the policies issued by Lexington and NUFIC to NCPO."

2. NUFIC is a New York corporation, with its principal place of business in New York. It is licensed by the New York State Insurance Department to engage in the business of liability insurance.

3. Lexington is a Delaware corporation, with its principal place of business in Massachusetts.

4. Risk Specialists, National Union and Lexington are sister companies, all of which are part of the American International Group of companies. Risk Specialists is a New York corporation with its principal place of business in New York. It is licensed to do business as an insurance broker and engages in the business of underwriting surplus lines and excess insurance policies for companies that include NUFIC and Lexington.

5. Beginning in May 2000, NUFIC issued several insurance policies to NCPO and its members at NCPO's office in New York City. Although these policies were issued by NUFIC, the policies were marketed and underwritten by Lexington and Lexington was responsible for handling the claims covered by the NUFIC policies. Under the terms of these NUFIC "program policies," NUFIC did not assume any duty to defend or to indemnify the insureds until $250,000 in defense and indemnity costs was incurred. A specimen copy of the policies issued by NUFIC to NCPO and its members is attached as **Exhibit A**.

6. All of the NUFIC "program policies" policies included a self insured retention endorsement which provides that:

   [NUFIC's] obligation, under the coverages provided by this policy, to pay "Ultimate Net Loss" on behalf of the "Insured," applies only to the "Ultimate Net Loss" in excess of the Self Insured Retention stated below, and subject to the Limits of Liability stated in the policy. The terms of this policy, including with respect to our rights and duties with respect to defense of suits apply in excess of the application of the Self Insured Retention amount.

   A samples of this type of Self Insured Retention Endorsement is included as part of **Exhibit B.**

7. For the "program policies" issued by NUFIC, Lexington, through Risk Specialists, invoiced a New York based wholesale broker named First Capital Group ("First Capital"). First Capital in turn invoiced a broker named National Program Services, Inc. ("NPS"). NPS collected premiums from the insureds for both the Virginia Surety and the NUFIC policies and NPS paid the NUFIC premiums to First Capital, which paid the premiums to NUFIC.

8. In mid-2002, NUFIC ceased issuing policies as part of the NCPO program. Thereafter, NUFIC and Lexington issued certain "post program" policies directly to various former members of NCPO . Like the NUFIC program policies, the NUFIC and Lexington post-program policies did not provide first dollar coverage, but instead were written over a $250,000 self-insured retention amount and had limits of liability of $1 million. Many of the Lexington post-program policies were written as "Stand-Alone Excess Policies." A specimen copy of the Lexington Stand-Alone Excess Policy form is attached hereto as **Exhibit C**. Specimen copies of Self Insured Retention Endorsements used by NUFIC and Lexington in the "post program policies" are attached hereto as **Exhibit D**.

SIGNED UNDER THE PENALTIES OF PERJURY this 27th day of September, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ John B. Gould
　　　　　　　　　　　　　　　　　　　　　　　　　　John B. Gould

**COMMONWEALTH OF MASSACHUSETTS**
**COUNTY OF SUFFOLK, ss.**

Subscribed and sworn to before me, under the penalties of perjury, this _____ day of _____, 2006.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Notary Public
　　　　　　　　　　　　　　　　　　　　　　My Commission Expires: _____