# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**<br>       Plaintiffs<br><br>v.<br><br>**VIRGINIA SURETY COMPANY, INC.,**<br>       Defendant. | CIVIL ACTION NO. 04-11109 RGS |

## AFFIDAVIT OF ELIZABETH VISCIONE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF PLAINTIFFS, LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

I, Elizabeth Viscione, upon oath depose and state as follows:

1. I am employed by Lexington Insurance Company ("Lexington") as a Claims Supervisor. As part of my job duties, since 2002 I have been responsible for overseeing all claims activity by Lexington and National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") in connection with a series of excess general liability policies issued by Lexington and NUFIC to the National Coalition of Property Owners and Managers/Insurance Purchasing Group Association ("NCPO") and various of its members. These policies all had limits of $1,000,000 per occurrence, subject to a self insured retention amount of $250,000. I am familiar with the contents of the claims files maintained in connection with these policies.

2. The vast majority of insureds under these policies "bought back" coverage for the NUFIC and Lexington policies' self-insured retention amount, in the form of a primary general liability policy issued by Virginia Surety Company. ("Virginia Surety"). The Virginia Surety policies all had limits of $250,000 per occurrence, with defense costs in addition to, and not included in, the limits.

3. Numerous claims have been made against the insureds under the Virginia Surety, NUFIC and Lexington policies. In connection with some of these claims, Virginia Surety asserts that it has expended in excess of $250,000 in defense and indemnity costs.

4. From June 2000 until at least December 2002, Virginia Surety paid all defense costs in claims made against its insureds under the program policies and post-program policies, until $250,000 per occurrence in indemnity costs were incurred. During this period of time, Virginia Surety made no demand on NUFIC or Lexington for reimbursement of these costs.

SIGNED UNDER THE PENALTIES OF PERJURY this 26th day of September, 2006.

    /s/ Elizabeth Viscione
Elizabeth Viscione

**COMMONWEALTH OF MASSACHUSETTS**
**COUNTY OF SUFFOLK, ss.**

Subscribed and sworn to before me, under the penalties of perjury, this _____ day of _____, 2006.

_____
Notary Public
My Commission Expires: _____