UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>    Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.<br><br>    Defendant. | Civil Action No. 04-11109 RGS |

**DEFENDANT VIRGINIA SURETY COMPANY, INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Virginia Surety Company, Inc. ("Virginia Surety" or "VSC") submits the following response to Plaintiff Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh's ("NUFIC") (collectively, "AIG") Statement of Undisputed Facts.

**GENERAL RESPONSE**

While VSC maintains that it is entitled to judgment as a matter of law because there is no dispute of material fact at issue in this case, VSC wishes to explain that AIG's Statement of Undisputed Facts contains legal arguments, facts that are not material, allegations that lack support in the record (and are therefore not facts), and facts that are not disputed but require supplementation.

As the Court is aware, VSC has filed its own motion for summary judgment together with a statement of undisputed facts. The issues raised therein remain ripe for summary judgment notwithstanding the disputed facts below, because the facts on which VSC relies are separate from those that AIG relies on in support of its motion for summary judgment.

**SPECIFIC RESPONSES**

1. VSC does not dispute ¶ 1 of AIG's Statement of Undisputed Facts.

2. VSC does not dispute ¶ 2 of AIG's Statement of Undisputed Facts.

3. VSC does not dispute ¶ 3 of AIG's Statement of Undisputed Facts.

4. VSC does not dispute ¶ 4 of AIG's Statement of Undisputed Facts.

5. Regarding ¶ 5 of AIG's Statement of Undisputed Facts, VSC does not dispute that Dowd and Associates approached Risk Specialists in or around May 2000 requesting a liability policy be issued to AIMCO or that AIMCO owns and/or manages numerous apartment units throughout the United States. VSC does not dispute that Risk Specialists declined to issue first dollar coverage or that Risk Specialists offered to write $1 million of coverage over a $250,000 self-insured retention.

VSC disputes that Risk Specialists refused to offer "primary" coverage and that Risk Specialists offered to write "excess" coverage because the characterization of the coverage as "primary" or "excess" is a legal conclusion. Second, to the extent that ¶ 5 is referring to coverage ultimately placed by AIG or the AIG Policies that are the subject of this dispute, VSC states that the AIG Policies speak for themselves. Lastly, to the extent that ¶ 5 purports to establish that the AIG Policies were "excess" policies, VSC states that this is contradicted by the testimony of AIG's own witnesses, including Mr. Messery.

At his deposition, Mr. Messery testified that AIG would have *preferred* to write the AIG Policy using an excess insurance form, but was unable to do because NCOPO *would not accept* anything but a primary insurance form.

> Q. Right. And why didn't you write an excess insurance policy?
> A. They wouldn't let us. We tried to and they said they wouldn't be able to sell it to the different contracts that they have, I guess lenders, that, you know, they had to show a full million dollar limit, they couldn't -- they had to show a primary policy.
> Q. And so you used a primary insurance policy?
> A. Yes.
>               * * *

2

> Q. So as far as the – certainly as far as the policyholders were concerned, they had a primary CGL policy with $250,000 SIR?
> A. On the original policy?
> Q. On the original policy?
> A. Right.

Messery Dep. at 55, 130.[1] *See, generally,* Messery Dep. at 54-57. Accordingly, when the AIG Policies were issued, they were all written on a standard primary commercial general liability form. *See* Messery Dep. at 55-57; Viscione Dep. at 23-24; Eddows Dep. at 167.

6. VSC does not dispute ¶ 6 of AIG'S Statement of Undisputed Facts.

7. VSC does not dispute ¶ 7 of AIG's Statement of Undisputed Facts except as to NCPO's acceptance of the NUFIC proposal. VSC states that NCPO did not accept an "excess" policy from NUFIC. First, the characterization of the AIG Policies as "excess" or "primary" is a legal conclusion. Second, to the extent that ¶ 7 is referring to coverage ultimately placed by AIG or the AIG Policies that are the subject of this dispute, VSC states that the AIG Policies speak for themselves. Lastly, to the extent that ¶ 7 purports to establish that the AIG Policies were "excess" policies, VSC states that this is contradicted by the testimony of AIG's own witnesses, including Mr. Messery.

At his deposition, Mr. Messery testified that AIG would have *preferred* to write the AIG Policy using an excess insurance form, but was unable to do because NCOPO *would not accept* anything but a primary insurance form.

> Q. Right. And why didn't you write an excess insurance policy?
> A. They wouldn't let us. We tried to and they said they wouldn't be able to sell it to the different contracts that they have, I guess lenders, that, you know, they had to show a full million dollar limit, they couldn't -- they had to show a primary policy.
> Q. And so you used a primary insurance policy?
> A. Yes.
>                           * * *

---

[1] All referenced exhibits are attached to Defendant VSC's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

3

>   Q. So as far as the – certainly as far as the policyholders were concerned, they had a primary CGL policy with $250,000 SIR?
>   A. On the original policy?
>   Q. On the original policy?
>   A. Right.

Messery Dep. at 55, 130. *See, generally,* Messery Dep. at 54-57. Accordingly, when the AIG Policies were issued, they were all written on a standard primary commercial general liability form. *See* Messery Dep. at 55-57; Viscione Dep. at 23-24; Eddows Dep. at 167.

8.  VSC does not dispute ¶ 8 of AIG's Statement of Undisputed Facts.

9.  VSC disputes ¶ 9 of AIG's Statement of Undisputed Facts insofar as it purports to interpret the VSC Policies and their interaction with the AIG Policies. To that extent, VSC states that the policies speak for themselves.

10. VSC disputes ¶ 10 of AIG's Statement of Undisputed Facts insofar as it purports to interpret the VSC Policies and their interaction with the AIG Policies. To that extent, VSC states that the VSC Policies speak for themselves.

11. VSC does not dispute ¶ 10 of AIG's Statement of Undisputed Facts.

12. VSC does not dispute ¶ 12 of AIG's Statement of Undisputed Facts.

13. VSC disputes that the facts in ¶ 13 of AIG's Statement of Undisputed Facts are material or relevant to any of the issues in this case. For the reasons stated in VSC's opposition to plaintiff's motion for summary judgment, the relative premium that VSC received has no bearing on AIG's obligations for claims where its $250,000 SIR has been satisfied. This is because the nature of the liability risks at issue here (*i.e.*, multi-unit residential housing) is such that all of the claims will trigger VSC's policy but that relatively few will reach AIG's policy. Indeed, that is why AIG insisted on a $250,000 SIR and why NPS and the policyholders insisted on insuring the SIR. As a result, VSC has to date incurred in excess of $187 million in claim expenses through June 2006, while AIG has spent approximately $20 million for the same period. *See* Baliga Dep. at, 112; Eddows Dep. at 92. Under

the circumstances, it is logical and unremarkable that VSC received far more in premium than AIG. It tells us nothing, however, about AIG's obligations for claims where the $250,000 SIR has been satisfied, and those are the only claims at issue in this case.

14. VSC states that the AIG Policies and the so-called "post program policies" speak for themselves, but does not otherwise dispute ¶ 14 of AIG's Statement of Undisputed Facts.

15. VSC states that the so-called "post program policies" speak for themselves, but does not otherwise dispute ¶ 15 of AIG's Statement of Undisputed Facts.

16. VSC does not dispute ¶ 16 of AIG's Statement of Undisputed Facts.

17. VSC disputes ¶ 17 of AIG's Statement of Undisputed Facts insofar as it is not material to the dispute and policies at issue in this case.

18. VSC does not dispute ¶ 18 of AIG's Statement of Undisputed Facts.

                              Respectfully submitted,

                              VIRGINIA SURETY CO., INC.,

                              By its attorneys,

                                /s/ Nicholas C. Cramb
                              Joseph G. Blute (BBO 047300)
                              John M. Stephan (BBO 649509)
                              Nicholas C. Cramb (BBO 654368)
                              **MINTZ, LEVIN, COHN, FERRIS,**
                                **GLOVSKY AND POPEO, P.C.**
                              One Financial Center
                              Boston, MA 02111
Dated: October 30, 2006            (617) 542-6000

## Certificate of Service

    I, Nicholas C. Cramb, Esq. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on October 30, 2006.

  /s/  Nicholas C. Cramb                              Dated:  October 30, 2006

LIT 1590486v.1