UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br>　　　　　　　　　Plaintiffs<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.,<br>　　　　　　　　　Defendant. | CIVIL ACTION NO.<br>04-11109 RGS |

MOTION OF PLAINTIFFS, LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, FOR LEAVE TO FILE SURREPLY IN SUPPORT OF THEIR OPPOSITION TO THE CROSS-MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, VIRGINIA SURETY COMPANY
_____

　　　Plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Lexington Insurance Company ("Lexington") (collectively "NUFIC"), pursuant to Local Rule 7.1(b)(3), hereby move the court for leave to file a Surreply in further support of their Opposition to the Cross Motion for Summary Judgment of Virginia Surety Company ("Virginia Surety"). A copy of the proposed Surreply is attached hereto as Exhibit 1.

　　　Said Motion is made on the grounds that Virginia Surety's Reply Memorandum in connection with its Cross Motion for Summary Judgment presents new evidence and, for the first time, raises an argument that was not included in Virginia Surety's Memorandum in Support of its Cross Motion for Summary Judgment or its Memorandum in Opposition to Plaintiffs's Motion for Summary Judgment..

　　　Specifically, Virginia Surety attaches to its Reply Memorandum, testimony from the deposition of Paul O'Donnell, an employee of York Claim Service, Inc. Virginia Surety, incorrectly

asserts that Mr. O'Donnell was an employee of AIG and that his initial impression of some of the policy language at issue herein is determinative of how the National Union and Virginia Surety policies interact. Mr. O'Donnell's position and testimony have been mischaracterized by Virginia Surety.

Pursuant to Local Rule 7.1(b)(3), a party may file supplemental papers, such as a surreply, with leave of court. Courts generally recognize that considerations of fairness favor allowing parties the opportunity to respond in a surreply to new arguments raised for the first time in a reply brief, unless the court decides to ignore those arguments. See, e.g., Flynn v. Veazey Constr. Corp., 310 F.Supp.2d 186, 189 (D.D.C. 2004) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply."); United States v. Int'l Business Machines, Corp., 66 F.R.D. 383, 384 (S.D.N.Y. 1975) (an exception to the rule against additional reply papers is, "the case in which a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court").

Here, considerations of fairness favor allowing National Union and Lexington to file a surreply. Not only has Virginia Surety attached new evidence to its Reply Memorandum in the form of the excerpts from the transcript of the deposition of Paul O'Donnell, but it has mischaracterized Mr. O'Donnell's testimony and his relationship to NUFIC. Virginia Surety states, without any evidentiary support, that Mr. O'Donnell was an employee of AIG. In fact, Mr. O'Donnell was employed by York Claim Service, Inc., an independent contractor that was not an AIG member company during the relevant time period. Mr. O'Connell is not an attorney and he was simply performing certain claims adjusting services in connection with claims that are the subject of this action. His testimony is not relevant to National Union's underwriting intent or the meaning or interrelationship between the National Union and Virginia Surety policies.

For these reasons, Lexington and National Union respectfully request leave of the court to file the brief Surreply attached hereto.

**Dated:**   November 27, 2006

Respectfully submitted,
***Lexington Insurance Company and
National Union Fire Insurance Company of Pittsburgh, PA***
by their attorneys,

*/s/ Mark E. Cohen*

| | |
|---|---|
| Mark E. Cohen | [BBO #089800] |
| Robert J. Maselek | [BBO #564690] |
| Gerald S. Frim | [BBO #656204] |

THE MCCORMACK FIRM, LLC
One International Place
Boston, MA   02110
**Ph:**       617•951•2929
**Fax:**      617•951•2672
**E-mail:**   mcohen@mccormackfirm.com

### CERTIFICATE OF SERVICE

I, Gerald S. Frim, hereby certify that I have served this document and all exhibits thereto by hand upon counsel of record and that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 27, 2006.

**Dated:** November 27, 2006        */s/ Gerald S. Frim*

91308.1