UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.<br><br>    Defendant. | CIVIL ACTION NO. 04-11109 RGS |

**DEFENDANT VIRGINIA SURETY COMPANY, INC.'S
SECOND MOTION TO STRIKE THE HEIST LETTER**

Undeterred by this Court's September 17, 2004 Order, Plaintiffs Lexington Insurance Company and National Union Fire Insurance Company ("Plaintiffs") have yet again inappropriately filed copies of a confidential settlement communication with the Court, this time attached as an exhibit to, and discussed in, Plaintiffs' November 13, 2006 Reply Memorandum (see Docket No. 45) ("Plaintiffs' Reply").  Accordingly, Defendant Virginia Surety Company, Inc. ("VSC") moves to strike Exhibit B from Plaintiffs' Reply along with the related argument on pages 2-3 of the Reply.  This material should be stricken because the material consists of confidential settlement communications that are inadmissible under Fed. R. Evid. 408 and are irrelevant – all of which the Court recognized when it allowed VSC's July 27, 2004 motion (see Docket No. 7) ("First Motion to Strike") and struck the **same document** from Plaintiffs' Complaint.[1/]  VSC further seeks fees and costs associated with bringing this Motion.

---

[1/]     Plaintiffs did not oppose VSC's First Motion to Strike.  See Plaintiffs' August 26, 2004 Notice of No Opposition (Docket No. 13).

## **ARGUMENT**

In this second attempt to circumvent the rule that prohibits a party from offering as evidence any compromise or offer to compromise, Plaintiffs attached a clearly-marked confidential and privileged settlement communication as an exhibit to Plaintiffs' Reply. The exhibit and any references to it, which the Court already struck from Plaintiffs' Complaint, should be stricken from Plaintiffs' Reply as immaterial, unnecessary and inadmissible.

As explained in VSC's First Motion to Strike, the Exhibit at issue is a March 12, 2004 letter from R. Connor Heist, counsel for VSC, to Jay Maul of York Claims, Plaintiffs' third-party claims administrator (the "Heist Letter"). The Heist Letter is a formal settlement demand, marked "Confidential and Privileged Communication for Settlement Purposes," which calculates a sum certain that VSC would accept in satisfaction of Plaintiffs' obligation under certain insurance policies – which obligation is the subject of this lawsuit. It cannot be disputed that the Heist Letter is a confidential settlement communication.

Fed. R. Evid. 408 makes inadmissible to show liability any "[e]vidence of . . . accepting, or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount." *See generally McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247-248 (1st Cir. 1985). *See also Derderian v. Polaroid Corp.*, 121 F.R.D. 9, 11 (D. Mass. 1988) (noting that Rule 408 applies to statements made during compromise negotiations as well as the offer or completed compromise itself). Because Fed. R. Civ. P. 56(e) requires parties (in moving for summary judgment) to rely on evidence that would be admissible in evidence, and the Heist Letter is clearly inadmissible under Fed. R. Evid. 408, the Court should strike the Heist Letter from the Plaintiffs' Reply along with all related argument.

Moreover, Plaintiffs use the Heist Letter to attempt to demonstrate that they have no liability because VSC has asserted positions that are different from that which it is asserting in its

summary judgment papers. This argument, clearly AIG's last hope in light of its inability to refute the legal argument in VSC's summary judgment papers, was made only in AIG's Reply memorandum and attempts to score points from the Court only in showing that VSC's legal position in this case is different than a position taken in a settlement communication prior to litigation. A settlement position asserted by VSC more than two years ago has nothing to do with the legal issues before the Court or the claims asserted by VSC in this litigation. Thus, even if the Heist Letter were otherwise admissible, it is clearly not relevant to show any disputed fact or address any question of law now before the Court and should be stricken for that reason as well.

Finally, the Court first struck the Heist Letter from Plaintiffs' Complaint on September 17, 2004. Because Plaintiffs blatantly disregarded this Court's Order and have again tried to introduce the Heist Letter, this time as part of the summary judgment record, VSC should be awarded its fees and costs associated with bringing this Motion.

*[Rest of Page Intentionally Left Blank]*

WHEREFORE, Virginia Surety respectfully requests that the Court:

(1) allow this Motion to Strike the Heist Letter;

(2) strike the Heist Letter and all related argument from pages 2-3 of Plaintiffs' Reply; and

(3) award VSC its fees and costs incurred in bringing this motion.

        Respectfully submitted,

        VIRGINIA SURETY COMPANY, INC.

        By Its Attorneys,

Dated: November 29, 2006

/s/ Nicholas C. Cramb
Joseph G. Blute (BBO# 047300)
John M. Stephan (BBO# 649509)
Nicholas C. Cramb (BBO# 654368)
MINTZ LEVIN COHN FERRIS
 GLOVSKY & POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

## Local Rule 7.1 Certification

The above signed counsel herby certifies certify that the parties have conferred and have attempted in good faith to resolve or narrow the issues presented in this Motion.

## Certificate of Service

I, Nicholas C. Cramb, Esq. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 29, 2006.

/s/ Nicholas C. Cramb                              Dated: November 29, 2006

LIT 1595347v.2