**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**<br><br>Plaintiffs<br><br>v.<br><br>**VIRGINIA SURETY COMPANY, INC.,**<br><br>Defendant. | Civil Action No. 04-11109 RGS |

**PLAINTIFFS' OPPOSITION TO SECOND MOTION OF DEFENDANT VIRGINIA SURETY COMPANY, TO STRIKE THE HEIST LETTER**

I.   INTRODUCTION

Plaintiffs Lexington Insurance Company ("Lexington") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively "Plaintiffs") hereby oppose the Motion of Defendant Virginia Surety Company ("Virginia Surety") to Strike Exhibit B (a March 12, 2004 letter written by R. Connor Heist ["the Heist Letter"]), from Plaintiffs' Reply Memorandum in support of their Motion for Summary Judgment.  Virginia Surety also seeks to strike all argument in Plaintiffs' Reply Memorandum related to the Heist Letter.  Virginia Surety moves to strike this letter, that was written by its own coverage counsel, on the ground that the Heist Letter is purportedly inadmissable pursuant to Fed. R.Evid. 408.  The Motion should be denied because: (a) there is no procedural provision for striking evidentiary material attached to Motions for Summary Judgment; (b) Rule 408 does not apply to the Plaintiffs' use of the Heist Letter, since it is not being offered to prove liability for, or invalidity of, any claim by plaintiffs or its amount; (c) the use of the Heist letter is not "unfair" or "prejudicial"; and (d) discussion of the Heist Letter is necessary for the Court's understanding of the history of this dispute and the disingenuous repeated changes in position that have been taken by Virginia Surety throughout the course of this litigation..

II.  **THERE IS NO PROVISION IN THE FEDERAL RULES FOR STRIKING EVIDENTIARY MATERIALS THAT ARE ATTACHED TO MOTIONS BROUGHT UNDER RULE 56**

The only provision in the Federal Rules of Civil Procedure for a ""Motion to Strike"" is contained in Rule 12(f), which provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order ***stricken from any pleading*** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. [emphasis added]

The definition of ""pleadings"" under F.R.Civ.P. 7, includes the following:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Rule 7 does not indicate that a motion, or affidavits or exhibits filed in support of a motion, are "pleadings." Virginia Surety may, if it is appropriate for it to do so, submit objections to the admissibility of evidence. However, there is no legal basis for striking any of the materials submitted by plaintiffs in connection with their Motion for Summary Judgment.

Even if such a Motion to Strike could be filed in connection with Motions for Summary Judgment, motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues. See 5C C. Wright & A. Miller, Federal Practice and Procedure, §1380 (2d ed. 1990); Shore v. Cornell-Dubilier Electric Corp., 33 F.R.D. 5, 7-8 (D. Mass. 1963) ("Motions to strike . . . are not generally favored in current Federal practice, in view of the availability of a variety of pretrial discovery procedures, and are rarely granted."); Woodson v. Cook County Sheriff, 1996 WL 604051 *5 (N.D. Ill. 1996)(A motion to strike will be denied if, "the allegations might serve to achieve a better understanding of the claim for relief or perform some other useful

2

purpose in the just disposition of the litigation.") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1382 at 695-96 (2d ed. 1990)); Glasser v . Government of the Virgin Islands, 853 F. Supp. 852, 854 (D. V. I. 1994) (noting that the, "standard for granting a Rule 12(f) motion is 'strict' and such motions should not be readily granted absent a showing of prejudice to the movant.") (footnote omitted).

III. **THE HEIST LETTER IS ADMISSIBLE SINCE IT IS NOT BEING USED TO PROVE LIABILITY OR DAMAGES AND ITS ADMISSION IS THEREFORE NOT PRECLUDED AS A PRIVILEGED SETTLEMENT COMMUNICATION UNDER RULE 408 OF THE FEDERAL RULES OF EVIDENCE**

The letter from Virginia Surety's own coverage counsel that Virginia Surety seeks to strike from the Reply Memorandum is not inadmissible under Rule 408 of the Federal Rules of Evidence. Rule 408 provides that:

> (a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish —or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses.—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

The flaw in Defendant's argument is that the Plaintiffs do not proffer the statements made in the Heist Letter as substantive evidence, "to prove liability for or invalidity of the claim or its amount." Rather, the Heist Letter is proffered by the Plaintiffs to give context to the history of this dispute and to demonstrate that Virginia Surety has taken numerous inconsistent positions

3

concerning the priority of coverage between its policies and Plaintiffs' policies, during the course of this litigation. This is the central issue in this case.

Plaintiffs' purpose in referring to and describing the contents of the Heist Letter is obviously not intended to provide substantive evidence of Plaintiffs' liability or Virginia Surety's damages. By its own terms, Rule 408 does not require exclusion, "when the evidence is offered for another purpose," other than proof of liability or damages. See Basha v. Mitsubishi Motor Credit of America, 336 F.3d 451, 454 n. 4 (5th Cir. 2003); Urico v. Parnell Oil Company, 708 F.2d 852, 854 (1st Cir. 1983); Coakley & Williams Construction, Inc. v. Structural Concrete Equipment, Inc., 973 F.2d 349, 353-54 (4th Cir. 1992).

The cases cited by Virginia Surety in support of the Motion to Strike do not require striking the Heist Letter or any references to it from the Plaintiffs' summary judgment materials. In McInnis v. A.M.F., Inc., 765 F.2d 240 (1st Cir. 1985), an injured plaintiff sued a motorcycle manufacturer, alleging that she had sustained an amputating injury to her leg due to the defective design of a motorcycle sold by the defendants. Following a jury trial, the district court ruled in favor of defendant. The court reversed the jury's verdict, stating that the district court erred in admitting evidence of a settlement agreement releasing a third party joint tortfeasor from liability, because it was admitted, contrary to the rules of evidence, to prove causation of the tort claim. Id. at 247-48. The Heist letter, contrary to the situation in McInnis, is certainly not being offered to prove any liability of Plaintiffs (or any other party for that matter).

Similarly, in Derdarian v. Polaroid Corp., 121 F.R.D. 9 (D. Mass. 1988), which involved an employee's sex discrimination case against her employer, statements made by the employer's in-house counsel to the employee's father (who was acting as her attorney) were found to be potentially non-discoverable, to the extent plaintiff was seeking to use such statements to prove liability. Id. at 11. However, the court also emphasized the language in Federal Rules of Evidence, Rule 408 that:

4

> The rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.1

Id.

Many cases have followed the plain language of the Rule and support Lexington's position that evidence of settlement negotiations is admissible for the purpose of proving something other than the merits of a party's liability or the amount of damages.

For instance, in <u>Century Indem. Co., et. al. v. Aero-Motive Co.</u>, 336 F. Supp. 2d 739 (W. D. Mich. 2004), Aero had been ordered by the state to clean up environmental contamination. Aero brought suit against the owners of its predecessor company for reimbursement of the cleanup costs. Eventually, the parties in that suit entered into a consent judgment, whereby the predecessor company owners agreed to pay Aero $5 million. Immediately thereafter, the insurers for the predecessor owners filed a declaratory judgment action against all of the parties in the underlying suit, seeking a declaration that they were not bound by the underlying consent judgment. One of the insurers'' arguments was that the amount of the consent judgment was unreasonable. As proof of this, the insurers presented evidence that Aero had made a $2.5 million settlement offer to the insurers directly before it entered into the $5 million consent judgment. The insurers also offered evidence showing that the predecessor owners'' attorney in the underlying case considered his clients'' liability in that case to be much less than $5 million. Aero contended that this evidence was inadmissible under Rule 408, but the court disagreed, saying:

> Here, the Insurers are relying on [Aero''s] settlement offer in the [underlying] suit to rebut Aero''s claim that the settlement amount was reasonable. In other words, Aero has put reasonableness at issue, and [the] settlement offer is directly relevant to that issue.

Id. at 749.

---

[1]The U.S. Supreme Court recently revised Rule 408, effective December 1, 2006. The language quoted in the <u>Derdarian</u> decision has been replaced by that quoted above.

Similarly, in <u>Athey v. Farmers Ins. Exchange</u>, 234 F.3d 357 (8th Cir. 2000), the court admitted evidence of settlement negotiations that had taken place in the case at bar. In that case, the plaintiff insured sought to admit evidence of conversations that occurred during a pre-trial settlement conference, at which the insurer had refused to offer any amount to settle the coverage case, including allegations of breach of contract, unless the insured withdrew his bad faith claim. Because South Dakota law specifically states that an insurer''s attempt to condition settlement of a breach of contract claim on a release of a bad faith claim constitutes evidence of bad faith, the court allowed evidence regarding the settlement conference for the purpose of showing bad faith. The court reasoned that Rule 408 allows evidence of settlement negotiations when the evidence is not offered to prove liability or damages, but instead, "the evidence is offered for another purpose."

**IV.   THE COURT HAS YET TO CONSIDER THE SUBSTANCE OF PLAINTIFFS' ARGUMENTS REGARDING THE ADMISSIBILITY OF THE HEIST LETTER**

Virginia Surety argues that Lexington and National Union have willfully violated a previous Order of this Court by presenting the Heist letter as part of their Motion for Summary Judgment, after it was stricken from the Complaint. This is a gross mis-characterization of what occurred in this case. Lexington and National Union filed a Complaint in this action for a declaratory judgment, alleging that a dispute had arisen between them and Virginia Surety regarding the trigger point of the Lexington and National Union policies. To support the allegation of that there was a controversy between the parties, the Heist letter (which was the position that Virginia Surety was taking as to the priority of coverage at that time) was attached to the Complaint. Virginia Surety responded by moving to strike the Heist letter and any discussion thereof from the Complaint, alleging that it was a privileged settlement communication. Rather than waste time and money in a pointless dispute over the propriety of a reference to the Heist letter in the Complaint, given that Virginia Surety did not dispute that there was a controversy between it and Plaintiffs, Lexington and

National Union simply gave notice that they did not oppose the Motion to Strike, and filed an amended pleading that did not refer to the letter. In response to Lexington and National Union's Notice of Non-Opposition, the Court entered an electronic Order, without any discussion, allowing Virginia Surety's Motion to Strike. The merits of the Motion to Strike were never raised by Plaintiffs nor were they considered by the Court.

After completing discovery, the parties have now filed cross-motions for Summary Judgment. The relevance of the Heist letter has not changed, and Plaintiffs now present the letter to highlight the inconsistent and disingenuous positions that have been taken by Virginia Surety regarding the central issue in this case. The fact that the letter was stricken, by Plaintiffs' acquiescence, from the initial pleading in this case, does not change the fact that Rule 408 does not apply to it. Lexington and National Union have committed no sanctionable conduct and respectfully request that the Court consider all relevant and admissible evidence in ruling on Plaintiffs' Motion for Summary Judgment.

## V.   CONCLUSION

The Heist letter and Plaintiffs' discussion of it are relevant and admissible. Plaintiffs do not present this material to prove liability or damages.

Wherefore, Lexington and National Union respectfully request that the court deny Virginia Surety's Motion to Strike.

**Dated:** December 13, 2006          Respectfully submitted,

*/s/ Mark E. Cohen*
Mark E. Cohen          [BBO #089800]
Robert J. Maselek      [BBO #564690]
**The McCormack Firm**
One International Place - 7th Floor
Boston, MA    02110
(617) 951-2929 Phone
(617) 951-2672 Fax

***Attorneys for Plaintiffs Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA***

## CERTIFICATE OF SERVICE

I, Gerald S. Frim, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 13, 2006.

**Dated:** December 13, 2006          */s/ Gerald S. Frim*

91803.1