# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**<br>                            Plaintiffs<br><br>v.<br><br>**VIRGINIA SURETY COMPANY, INC.,**<br>                            Defendant. | **CIVIL ACTION**<br>**NO. 04-11109 RGS** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS, LEXINGTON INSURANCE COMPANY AND NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, TO CLARIFY ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

_____

Plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Lexington Insurance Company ("Lexington"), submit the following Memorandum of Law in support of their Motion for an Order clarifying the Court's Order of May 3, 2007, on the parties' cross-motions for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1.

**I.  THE COURT SHOULD CLARIFY THAT ITS RULING DOES NOT APPLY TO THE LEXINGTON STAND-ALONE EXCESS FORM, AND THAT LEXINGTON HAS NO OBLIGATION TO PAY DEFENSE OR INDEMNITY COSTS UNDER THE STAND-ALONE EXCESS FORM UNTIL $250,000 HAS BEEN PAID IN COMPENSATORY DAMAGES**

The Court, in its Memorandum and Order on Cross-Motions for Summary Judgment ("the Order"), filed on May 3, 2007, ruled that the various insurance policies issued by defendant Virginia Surety Company ("Virginia Surety") and National Union/Lexington that are the subject of this action

are "co-primary" once the $250,000 self insured retention amount of the Lexington and National Union policies is exhausted. The Court went on to rule that, consequently, the policies' "other insurance" clauses come into effect and that thereafter National Union/Lexington and Virginia Surety must equally share defense and indemnity costs until the Virginia Surety $250,000 per occurrence policy limits are exhausted. In making its ruling, however, the court appears to have failed to differentiate between the two types of policies issued by National Union and Lexington. As the court noted in its Order, the National Union "Program Policies" that were issued to the National Coalition of Property Owners and Managers, Inc. ("NCPO"), as well as some of the National Union and Lexington "Post Program Policies" that were issued directly to individual insureds, were issued on industry standard Commercial General Liability policy forms (the "CGL Form"). A majority of the "Post Program" Lexington policies, however, were written on a form entitled "Stand Alone Excess Liability Policy" (the"Stand Alone Excess Form"). In the Order, the Court stated that its ruling was based upon the following facts regarding the National Union and Lexington policies:

> Nowhere is it written that they provide coverage in excess of another insurance policy. Moreover, the policies were written on industry-standard primary CGL forms, rather than on industry-standard excess coverage forms. Finally, the "other insurance" clause specifically provides that "this insurance is primary except when b. below applies."

Memorandum and Order on Cross-Motions for Summary Judgment, p. 7.

As pointed out in both Plaintiffs' and Defendant's Motions for Summary Judgment, however, there were two different policy forms used by National Union and Lexington: the CGL Form and the Stand Alone Excess Form. The Stand Alone Excess form specifically states that it is written on an excess basis. Unlike the CGL Form, the Lexington Stand Alone Excess Form contains the following language:

> We will pay on behalf of the Insured that portion of the ultimate net loss, *in excess of the Retained Amounts* as determined in Section III.B. of this policy, which the Insured shall become legally obligated to pay as compensatory damages [, , , ] caused by an Occurrence to which this insurance applies[.]

<u>DEFENSE</u>

A.  After any aggregate limits of the Retained Amounts are exhausted *through payment of compensatory damages* for claims that would otherwise be covered under this policy:
   1.  We will defend any subsequent suit(s) against the Insured alleging liability insured under the provisions of this policy and seeking recovery of damages on account thereof[.]

(emphases added)

Regarding the "Retained Amounts", the Stand Alone Excess Form states:

B.  Retained Amounts

   1.  Coverage applies only to the amount in excess of the amounts as stated in Item 6 of the Declarations, Schedule of Retained Amounts (herein referred to as Retained Amounts), and only for those coverages for which an amount is shown.
   2.  These Retained Amounts apply whether or not the Insured maintains applicable underlying insurance.
   3.  These Retained Amounts shall consist of payments for compensatory damages only. The Insured shall bear all legal costs and defense expenses incurred until such time as the applicable Retained Amounts are exhausted by the payment of compensatory damages.

Regarding the existence of other insurance, the Stand Alone Excess Form states:

If other valid and collectible insurance with any other insurer is available to the Insured covering a loss also covered hereunder, this insurance shall be excess of, and shall not contribute with such other insurance.

Exhibit J to Defendant's Motion for Summary Judgment; Exhibit C to Plaintiffs' Motion for Summary Judgment.

The Stand Alone Excess Form also included a Self-Insured Retention Endorsement, which identified the Self Insured Retention as, "$250,000 per 'Occurrence' including expenses."

Based on the rationale of the Court's Order, it does not appear that the Court intended to extend its ruling to the Stand Alone Excess Form. The Stand Alone Excess Form specifically states that it is in excess of an underlying Retained Amount, whether or not insured. The Stand Alone Excess Form is not an "industry-standard" CGL form, but is a common type of true excess coverage form. The Stand Alone Excess Form's "Other Insurance" clause specifically provides that it is excess of, and shall not contribute with any other collectible insurance. In its Memorandum of Law in Support of its Motion for Summary Judgment, Virginia Surety conceded that the Lexington

policies that used the Stand Alone Excess Form, "contain an *excess* 'other insurance' clause, which provides that they are excess to other valid and collectable insurance." [See Defendant's Memorandum of Law in Support of its Motion for Summary Judgment at p. 23.] Even when policies are written on the same level of coverage, it is well established that a policy with an excess other insurance clause is excess over a policy with a pro rata other insurance clause, such at the Virginia Surety policies. E.g., Fireman's Ins. Co. of Washington, D.C. v. Federal Ins. Co., 649 N.Y.S.2d 700, 700-701, (N.Y. S.Ct. 1996), appeal denied, 683 N.E.2d 1053 (N.Y. Ct. App. 1997); Prudential Property & Cas. Ins. Co. v. New Hampshire Ins. Co., 396 A.2d 923 (N.J. Sup. Ct. 1978); B. Ostrager & T. Newman, Handbook on Insurance Coverage Disputes , §11.03[d] at 810 (13th ed. 2006).

Plaintiffs do not concede the correctness of the rationale for the Court's Order and reserve their right to appeal. However, even assuming that the Order is correct, Plaintiffs request that the Court clarify its ruling to exclude the Stand Alone Excess Form from its scope. For any insureds under both the Virginia Surety policy form and the Lexington Stand Alone Excess Policy form, Lexington should have no obligation to contribute to either defense or indemnity payments until Virginia Surety has paid $250,000 in indemnity costs. Even if the Virginia Surety primary policy form and the Lexington Stand Alone Excess Form were somehow to be considered to be co-primary, the law is clear that the Other Insurance clause of the Stand Alone Excess Form precludes any concurrent liability on the part of Lexington.

## II.    CONCLUSION

Based on the rationale of the Court's Order and the language of the Lexington Stand Alone Excess Policy form, Plaintiffs respectfully request that the Court clarify its Order, such that the Order does not apply to the Stand Alone Excess Form and that Plaintiffs have no duty to contribute

any costs of defense or indemnity pursuant to the terms of the Stand Alone Excess Form until $250,000 in indemnity costs have been paid by Virginia Surety.

|  |  |
|---|---|
| **Dated:**   May 14, 2007 | Respectfully submitted,<br>Defendants, ***Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA.***,<br>By their attorneys,<br><br>        /s/ Gerald S. Frim<br>Mark E. Cohen           [BBO #089800]<br>Robert J. Maselek      [BBO #564690]<br>Gerald S. Frim           [BBO #656204]<br>**THE MCCORMACK FIRM**, **LLC**<br>One International Place - 7th Floor<br>Boston, MA    02110<br>Ph:    617•951•2929<br>Fax:   617•951•2672<br>E-mail: mcohen@mccormackfirm.com |

### CERTIFICATE OF SERVICE

I, Gerald S. Frim, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 14, 2007.

**Dated:** May 14, 2007

/s/   Gerald S. Frim
Gerald S. Frim

97779.1