UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>    Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.<br><br>    Defendant. | Civil Action No. 04-11109 RGS |

**VIRGINIA SURETY COMPANY, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY**

Defendant Virginia Surety Company ("VSC") opposes Plaintiffs' Motion To Clarify Order on Cross-Motions for Summary Judgment for two reasons. First, the Court's May 3, 2007 Order (the "Order") is clear and directly addresses the only issues actually in dispute – no clarification is necessary. Second, VSC never argued that plaintiffs were obligated under the "stand alone excess policies" (what VSC referred to in its briefing as the "Post-Program Policies") to contribute to the defense and resolution of the underlying claims. Thus, what plaintiffs are actually seeking is some language from the Court that they perceive would be useful to them at some later time or in connection with other cases, an impermissible advisory opinion that is beyond the jurisdiction of the Court. The Motion to Clarify must therefore be denied.

**ARGUMENT**

**I.    The Court's Order Is Clear And No Clarification Is Necessary.**

Plaintiffs appear to argue that in making its ruling the Court failed to differentiate between the two types of policies issued by Plaintiffs during and after their participation

in the NPS Program. Specifically, Plaintiffs express concern that the Order could be construed as applying to the post-program "stand alone excess policies" issued by Lexington. The Court's Order is clear, however, that it applies only to those policies issued by plaintiffs that are <u>primary</u> policies with "other insurance" clauses that state that the policies are co-primary as to other insurance. The Court did not address the "stand alone excess policies" because it had no need to do so. VSC did not argue that those policies applied. To the contrary, VSC in its briefing pointed to the existence of those policies, the differences in the forms used, and the use of excess other insurance clauses to demonstrate the different intent of Plaintiffs in the issuance of the disputed NPS Program Policies. The stand alone excess policies that are the subject of the Motion to Clarify are written on excess insurance policy forms and have excess other insurance clauses that state they operate as excess insurance as to all other applicable insurance. As such, they clearly fall outside of the Court's opinion and Order and there is no possible confusion that would require clarification. The requested clarification is completely unnecessary and for that reason alone the Motion should be denied.

**II.    This Court Has No Jurisdiction To Grant The Requested Relief Because In The Absence Of An Actual 'Case or Controversy' Concerning The Stand Alone Excess Policies Any Such Relief Would Be An Impermissible Advisory Opinion.**

It is a basic principle that a federal court is a court of limited jurisdiction which under the Constitution may only issue orders when there is an actual case or controversy before the court. *See* U.S. Const., Art. III, § 2, cl. 1. As the Supreme Court explained long ago:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in the case before it.

*Mills v. Green*, 159 U.S. 651, 653 (1895).  In order "to assume jurisdiction, there must be an actual, ongoing controversy between the parties." *Pustell v. Lynn Public Schools,* 18 F.3d 50, 52 (1st Cir. 1994)).

Here, VSC never sought relief as to the stand alone excess policies.  In its September 29, 2006 Memorandum in Support of its Motion for Summary Judgment ("VSC's Memo."), VSC requested that the Court declare, *inter alia*, that the "AIG Policies" are primary and not true excess.  VSC defined the "AIG Policies" and expressly limited them to the policies that Plaintiffs wrote on a "standard-form primary commercial general liability form" during the NPS Program and any same or substantially similar commercial general liability form thereafter.  *See* VSC's Memo. at p. 8 and n. 9.  VSC based its argument in large part on the language of the other insurance clauses in the AIG Policies that expressly state they are "primary" as to any other insurance.  The "AIG Policies" do not include Plaintiffs' stand alone excess policies (which are written on excess forms and have excess other insurance clauses) and VSC did not (and does not) take a position or seek any ruling with respect to those policies.

Consistent with the matters that were actually in dispute, the Court's Order is carefully and expressly limited to primary policy forms with primary other insurance clauses: "the policies were written on industry-standard primary CGL forms, rather than on industry-standard excess coverage forms" and that "other insurance" clause in the policies "specifically provides that 'this insurance is primary . . . .'" Order at 7.  There is simply no way to read the Court's order so as to involve in any way the stand alone excess policies.

3

Because it is so clear that the Court's Order does not extend beyond the primary CGL policies written by AIG as part of the NPS Program, it appears to VSC that Plaintiffs seek to elicit some favorable language from the Court concerning the stand alone excess policies that might assist them in potential future disputes with VSC involving those policies, or in connection with other cases involving different parties but the same policy forms.  The Court has no power to render such advisory opinions.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

>Respectfully submitted,
>
>VIRGINIA SURETY CO., INC.,
>
>By its attorneys,
>
> /s/ Nicholas C. Cramb_____
>Joseph G. Blute (BBO 047300)
>John M. Stephan (BBO 649509)
>Nicholas C. Cramb (BBO 654368)
>MINTZ, LEVIN, COHN, FERRIS,
>  GLOVSKY AND POPEO, P.C.
>One Financial Center
>Boston, MA 02111
>(617) 542-6000

## Certificate of Service

      I, Nicholas C. Cramb, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date hereof.

 /s/ Nicholas C. Cramb