UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11109-RGS

LEXINGTON INSURANCE COMPANY
AND
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH

v.

VIRGINIA SURETY COMPANY, INC.

ORDER ON
MOTION FOR CLARIFICATION

June 1, 2007

STEARNS, D.J.

On May 17, 2007, Lexington Insurance Company (Lexington) and National Union Fire Insurance Company of Pittsburgh (National Union) filed a motion for clarification of the court's Memorandum and Order on Cross Motions for Summary Judgment, dated May 3, 2007. On May 31, 2007, before the court ruled on the motion for clarification, Lexington and National Union filed a notice of appeal.

In light of the appeal, this court lacks jurisdiction over the motion for clarification. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). A trial court can share jurisdiction with an appellate court on rare occasions. These situations include the processing of "peripheral" matters such as motions for attorneys' fees, actions related to execution of a judgment that has been appealed and not stayed, and orders relating to procedures "in aid of the appeal." United States v.

Brooks, 145 F.3d 446, 456 (1st Cir. 1998) (citations omitted). Jurisdiction may also lie with the district court where "the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." Id. That is not the case here.

ORDER

Accordingly, the motion for clarification is MOOT in light of this court's lack of jurisdiction.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE