UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>    Plaintiffs,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC.<br><br>    Defendant. | Civil Action No. 04-11109 RGS |

**VIRGINIA SURETY COMPANY, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION FOR CLARIFICATION**

Defendant Virginia Surety Company ("Virginia Surety") moves that the Court reconsider its June 1, 2007 Order on Motion for Clarification ("June 1 Order") and, in particular, the Court's conclusion that it lacks jurisdiction over the Motion to Clarify because plaintiffs have filed a Notice of Appeal from a final and immediately appealable Order, *i.e.*, the May 3, 2007 Memorandum and Order on Cross-Motions for Summary Judgment ("Summary Judgment Order"). That conclusion is incorrect. The Summary Judgment Order is not a final and appealable order because it does not dispose of the entire action, was not certified for appeal under Fed. R. Civ. P. 54(b), is not an appealable interlocutory order, and is not otherwise within the narrow class of so-called "collateral" orders available for immediate appellate review. In particular, Virginia Surety seeks and is entitled to a final judgment incorporating an award of money damages for amounts withheld by Plaintiffs when they were operating under their erroneous characterization of the relationship with Virginia Surety as "primary/excess" rather than "co-primary".

Several Counts of Virginia Surety's Counterclaim – which expressly seeks a money judgment – were not the subject of the Cross-Motions, have not been ruled on by the Court and remain unresolved.  *See Defendant Virginia Surety Company's Answer and Counterclaim to Plaintiffs' Amended Complaint* (Document 17) at Count II (Contribution), Count III (Subrogation), Count IV (Indemnification); *see generally*, Summary Judgment Order.  Thus, the Court retains jurisdiction over this matter notwithstanding the premature filing of a Notice of Appeal.  Virginia Surety requests that the Court (i) reconsider its Order on Motion for Clarification, (ii) correct the erroneous suggestion in that Order that the Court's Summary Judgment Order is immediately appealable, (iii) hold that it retains at least concurrent jurisdiction over this matter and (iv) deny the Motion for Clarification on the merits for the reasons stated in Virginia Surety's Opposition to that Motion..

## **RELEVANT PROCEDURAL HISTORY**

On May 26, 2004, plaintiffs Lexington Insurance Company and National Union Fire Insurance Company initiated this action seeking a declaratory judgment concerning their obligations under certain commercial general liability insurance policies for claims arising out of the NPS Program.  On November 23, 2004, plaintiffs filed an Amended Complaint (Document 16) comprised of a single count seeking a Declaratory Judgment.  On December 6, 2004, Virginia Surety answered the Amended Complaint and filed a four count counterclaim including claims for: Declaratory Judgment (Count I), Contribution (Count II), Subrogation (Count III), and Indemnification (Count IV).  *Defendant Virginia Surety Company's Answer and Counterclaim to Plaintiffs' Amended Complaint* (Document 17) ("Virginia Surety Counterclaim".  The Virginia Surety

2

Counterclaim seeks a quantification and reduction to final judgment of its damages claims against VSC.  *See Virginia Surety Counterclaim* at 10 (Prayer for Relief).

On September 29, 2006, the parties filed cross-motions for summary judgment directed solely to the competing Declaratory Judgment counts.  The Court ruled in Virginia Surety's favor, adopting an interpretation of the policies and the parties' relationship as "co-primary" rather than "primary/excess".  The Court directed the parties to implement the decision in a manner consistent with the Order.  Pursuant to that directive, Virginia Surety is in the process of preparing an up to date accounting of the amounts owed by plaintiffs for past expenses as a result of the Court's Order.  Virginia Surety is confident that the parties ultimately will be able to agree on the damages number but if that is not possible, Virginia Surety will seek a hearing for assessment of damages on the remaining counts of the counterclaim so that the damages can be reduced to judgment.  Until these damages issues are resolved, the case clearly is not ripe for an appeal.

On May 17, 2007, the plaintiffs jointly filed a motion for clarification of the Summary Judgment Order (Documents 56 and 57).  Virginia Surety opposed the motion on May 25, 2007 (Document 58).  While the motion for clarification was pending, the plaintiffs filed a Notice of Appeal (Document 59) concerning the May 3, 2007 Order.  On June 1, 2007, the Court issued its *Order on Motion for Clarification* (Document 60) ("June 1 Order"), concluding that the plaintiffs' motion for clarification was moot in light of the notice of appeal.  June 1 Order at 2.  In doing so, the Court indicated that it believed the Summary Judgment Order to be a final appealable order and that, as a result, the notice of appeal deprived the Court of jurisdiction.  *Id.*

No final judgment has been issued by the Court and the matter is not ripe for an appeal. Virginia Surety intends to file a motion in the First Circuit seeking dismissal of the appeal as premature. In the meantime, the Court should correct the suggestion in the Order on the Motion for Clarification that the Court's summary judgment order is currently appealable because that suggestion is incorrect. The Court should assert jurisdiction over the Motion for Clarification and deny it on the merits.

### ARGUMENT

**I.    The Court's May 3, 2007 Order Granting Partial Summary Judgment For Virginia Surety Is Not An Appealable Final Decision Under 28 U.S.C. § 1291.**

Under 28 U.S.C. § 1291, the Courts of Appeals have jurisdiction over "all final decisions" of the district courts. For an order to be "final" and, thus, immediately appealable, a decision must be one that "ends the litigation on the merits and leaves nothing for the court to do by execute the judgment." *Alstom Caribe, Inc. v. Geo. P. Reintjes Co.*, 484 F.3d 106, 111 (1st Cir. 2007) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). This rule is designed to avoid piecemeal appeals. *See Diaz-Reyes v. Fuentes-Ortiz*, 471 F.3d 299, 300-301 (1st Cir. 2006) (citing *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 203-04 (1999) (final judgment rule serves to prevent piecemeal appeals, avoidance of obstruction to just claims, and promotes efficient judicial administration).

It is settled that an order granting summary judgment as to some – but not all – claims does not end the litigation and is not appealable. As Professors Wright and Miller have explained:

> A summary judgment that fully disposes of all claims among all parties is final. <u>A summary disposition of less than all claims among all parties is not final</u>, unless

4

> judgment is entered under Civil Rule 54(b) or all other
> matters have been resolved by other orders.

15B CHARLES ALAN WRITGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3914.28 (West 2007) (emphasis added).  Similarly, "[a] <u>refusal</u> to grant summary judgment as to all or part of a case is not final." *Id.* (emphasis added).  As the First Circuit has said:

> It is too plain to warrant citation of authority that the
> district court's grant of partial summary judgment in [a
> party's] favor – a grant which [leaves] unresolved . . .
> claims, and which, as to due process, adjudicated only
> liability and not damages – is not a final order.

*Domegan v. Fair*, 859 F.2d 1059, 1062 (1st Cir. 1988).  The Summary Judgment Order is precisely such an order.  It grants partial summary judgment to Virginia Surety on Count I of its counterclaim and denied summary judgment to the plaintiffs on their declaratory judgment count.  The order does not address, much less resolve, Virginia Surety's claims for money damages under the remaining counts for contribution, subrogation, or indemnification.  Moreover, as to Virginia Surety's Declaratory Judgment count, the Summary Judgment Order adjudicated only liability and not damages, precisely the situation that lead the First Circuit the order in *Donegal* unappealable *Id*.

Moreover, the Court has not entered judgment under Fed. R. Civ. P. 54(b).  "[A] partial summary judgment is a final appealable decision" <u>only</u> if judgment is entered under Civil Rule 54(b).  *EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 700 (6th Cir. 1999).  *Accord* 15B FED. PRAC. & PROC. § 3914.28 (summary disposition of less than all claims among all parties is not final, unless judgment is entered under Rule 54(b)).  Accordingly, the Summary Judgment Order is not a final decision subject to immediate appeal under 28 U.S.C. § 1291.

The risk of piecemeal appeals here is easily illustrated. If the First Circuit affirms the Summary Judgment Order and the parties are unable to agree on damages, Virginia Surety will seek and will be entitled to a hearing for the purposes of quantifying its claims and obtaining a money judgment. That judgment, however, would be appealable, potentially returning the case to the First Circuit. The final judgment rule is intended to prevent just this result.

II. **The Court's May 3, 2007 Order Granting Partial Summary Judgment For Virginia Surety Is Not An Appealable Interlocutory Order Under 28 U.S.C. § 1292.**

The Summary Judgment Order also is not an appealable interlocutory order under 28 U.S.C. § 1292. Under Section 1292(a), certain interlocutory orders are immediately appealable, including orders concerning injunctions, orders concerning the conduct of receiverships, and orders concerning admiralty cases. 28 U.S.C. § 1292(a)(1), (2), (3). The Summary Judgment Order is none of these. Moreover, while 28 U.S.C. § 1292(b) provides that a district judge may certify an immediate appeal to the Court of Appeals for the resolution of a controlling question of law about which there is substantial difference of opinion, if the immediate appeal "may materially advance the ultimate termination of the litigation," the Court has not done so and plaintiffs have not requested that the Court do so.

III. **The Court's May 3, 2007 Order Does Not Qualify As An Appealable "Collateral" Order.**

Lastly, in certain limited circumstances, the Court of Appeals may have jurisdiction over so-called "collateral orders," if four requirements are satisfied. The order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue,

6

not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion. *Domegan*, 859 F.2d at 1062, n. 1 (quoting *United States v. Sorren,* 605 F.2d 1211, 1213 (1st Cir.1979)). The Summary Judgment Order fails at least two of these four requirements. It is neither capable of review separate and apart from the merits of the case nor does it concern any right that is "incapable of vindication on appeal from final judgment." *Sorren*, 605 F.2d at 1213. Thus, the Summary Judgment Order is not appealable as a "collateral order" as it fails to satisfy all of the prerequisites for "collateral-order" jurisdiction.

**IV.  Because The Court's May 3, 2007 Order Is Unappealable, The Court Retains Jurisdiction Over The Case, Including The Motion for Clarification.**

Because the Summary Judgment Order is neither an appealable final order nor an appealable collateral order, this Court retains jurisdiction over the case. *See Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir. 1972) (where notice manifestly deficient, *e.g.*, by reason of reference to a nonappealable order, district court may disregard and proceed with the case). *See also Ruby v. Secretary of United States Navy,* 365 F.2d 385, 389 (9th Cir. 1966) (en banc) (notice of appeal from unappealable order does not divest district court of jurisdiction), *cert. denied*, 386 U.S. 1011 (1967).

Accordingly, Virginia Surety urges the Court to reconsider its June 3, 2007 Order and rule that because the Summary Judgment Order is immediately appealable it retains jurisdiction. The Court should then deny the Motion for Clarification on the merits for the reasons stated in Virginia Surety's Opposition. Virginia Surety will attempt to reach agreement with plaintiffs on a damages number that could then be incorporated in a final

7

judgment. Barring that, the Court will need to resolve the issue after an evidentiary hearing.

                Respectfully submitted,

                VIRGINIA SURETY CO., INC.,

                By its attorneys,

                /s/ Joseph G. Blute
                Joseph G. Blute (BBO 047300)
                John M. Stephan (BBO 649509)
                Nicholas C. Cramb (BBO 654368)
                **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
                One Financial Center
                Boston, MA 02111
                (617) 542-6000

## Local Rule 7.1 Certification

I, John M. Stephan, hereby certify that the parties have conferred and attempted to resolve or otherwise narrow the scope of this motion prior to filing.

                                                  /s/ John M. Stephan

## Certificate of Service

I, John M. Stephan, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date hereof.

                                                  /s/ John M. Stephan

4061566v.1