# United States Court of Appeals
## For the First Circuit

No. 07-1926

LEXINGTON INSURANCE COMPANY, ET AL.,

Plaintiffs, Appellants,

v.

VIRGINIA SURETY COMPANY, INCORPORATED,

Defendant, Appellee.

Before

Torruella, Lynch and Howard,
<u>Circuit Judges</u>.

ORDER OF COURT

Entered: August 10, 2007

    Plaintiffs-appellants Lexington Insurance Company and National Union Insurance Company, Inc., brought a declaratory judgment action against Virginia Surety Company, Inc. in relation to an insurance coverage dispute. Virginia Surety's counterclaims included demands for monetary damages. On cross-motions for summary judgment, the district court granted Virginia Surety's motion in part, and ordered that the litigants "discharge their obligations in a manner consistent with the court's declaration," but offered no specific command with respect to Virginia Surety's monetary claims. Plaintiffs-appellants noticed an appeal from this order. Virginia Surety has moved to dismiss the appeal, arguing that it is non-final and thus not appealable.

    As a general matter, declaratory judgments are not "final at an earlier stage than other sorts of judgments." <u>Peterson v. Lindner</u>, 765 F.2d 698 (1st Cir. 1985). With monetary damages yet to be determined, this declaratory action might be regarded as no more ripe for appeal than would be a conventional action in which liability, but not damages, had been decided by the district court.

However, we think there is a good possibility that the district court was acting under the reasonable assumption that its declaratory relief fully resolved the live controversy between the litigants, and that they could be expected to determine between themselves voluntarily any needed monetary adjustment according to shared commercial norms. The district court, in granting declaratory relief, may have intended to frame a disposition that had the requisite finality to allow appellate review.

Accordingly, we ask the district court for clarification on the intended finality of its grant of declaratory relief. If the district court clarifies that damages are still pending before it, the parties and district court may wish to consider whether to proceed under Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b).

While awaiting the district court's report, we retain jurisdiction over this appeal.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
**MARGARET CARTER**
Chief Deputy Clerk.

CERTIFIED ....
I HEREBY CERTIFY TH... ...
IS A TRUE AND COR... ...
THE ORIGINAL ON FIL... ...
AND IN MY LEGAL ...

FIRST CIRCUIT COURT ...
BOSTON, MA
By: _____ Date 8/10/07

[Certified Copy: Judge R. Stearns, Sarah Allison Thornton, Clerk]
[cc: Gerald Frim, Esq., Mark Cohen, Esq., Robert Maselek Jr., Esq., John Stephan, Esq., Nicholas Cramb, Esq., Hemanth Gundavaram, Esq., Joseph Blute, Esq.]